FRANK KEATING

*v.*

GARRETT F. STACK.

*Filed at Mt. Vernon January 25, 1886.*

CONTESTED ELECTION—*jurisdiction*—*as to office of alderman in East-St. Louis.* Under the special charter of the city of East St. Louis, the city council is invested with the power and duty of determining all contested; elections of its own members. A contest of an election before that body is not a judicial but a ministerial proceeding, and its finding is not a judgment, in the ordinary sense of that term. No other tribunal than the city council has jurisdiction in such case.

WRIT OF ERROR to the Circuit Court of St. Clair county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Mr. E. R. DAVIS, and Mr. FRANK B. BOWMAN, for the plaintiff in error.

Mr. CHARLES W. THOMAS, for the defendant in error.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a proceeding in chancery, brought by Frank Keating, in the circuit court of St. Clair county, to contest the election of Garrett F. Stack to the office of alderman of the Fourth ward of the city of East St. Louis. The circuit court, on motion, dismissed the petition, on the ground that the court had no jurisdiction of the subject matter, and that decision is assigned for error.

The city of East St. Louis is organized and acting under a special charter, which was adopted by the legislature on the 26th day of March, 1869. Section 5, article 2, of the charter, (1 Private Laws 1869, p. 887,) provides: "The city council shall judge of the qualification and of the election and returns of their own members, and shall determine all contested elections." It would seem plain from this section,

of the charter, that the legislature intended that all contests in regard to the election of aldermen in the city should be settled and determined by the city council, and the will of the legislature in this regard must prevail, unless the act is in conflict with some provision of our constitution, which, so far as we understand the terms of the constitution, is not the case. Indeed, in *Linegar* v. *Rittenhouse*, 94 Ill. 208, where the question arose whether the county court had jurisdiction to hear and determine a contest of an election of an alderman in a city organized under the general law, we held that the county court had no jurisdiction,—that section 34 of the general Incorporation act entitled, "Cities and Villages," conferred the power on the city council, and that no other tribunal had jurisdiction. The language of the general act, under which this decision was made, is as follows: "The city council shall be judge of the election and qualification of its own members." It will be observed that the charter of the city of East St. Louis contains the same provision, and in addition the following emphatic language: "And shall determine all contested elections." If there could be any doubt in regard to the construction to be placed on section 34 of the general Incorporation act, there is no room for doubt in regard to the construction to be placed upon the language of the charter of East St. Louis.

But it is said in the argument, the city council, under the constitution, has no power to adjudge any controversy, in law or equity; that judicial power is vested exclusively in the courts. It is true that a city council can not be invested with judicial powers such as are conferred upon the courts, but a city council may determine who has been elected as a member of a body of that character without exercising judicial powers. The character and nature of a contest of this sort is described in *Linegar* v. *Rittenhouse*, as follows: "The jurisdiction, the mode of trial, and the whole contest is purely statutory, and is not regulated or governed by the common

law.    At the common law it was not a judicial proceeding except in a proceeding in the nature of a *quo warranto,* in which evidence was heard, and the court determined whether the defendant was entitled to the office.    If it was found he was a usurper, he was ousted; but it was only by such a proceeding that the courts interfered in such contests."

We do not regard a contest of this character which comes before a city council, as a judicial proceeding, as that term is understood, but rather in the nature of a ministerial act to ascertain who has been elected—a duty which the legislature had the undoubted right to confer upon a city council.    The finding of such a tribunal is not a judgment, in the sense in which that term is used in the law.    In *Dickey* v. *Reed,* 78 Ill. 262, it was held that courts of equity have no inherent power to try contested elections, and they have never exercised such power except in cases where it has been conferred by express enactment or necessary implication therefrom. In *Moore* v. *Mayfield,* 47 Ill. 169, a contest under the statute then in force was not regarded as a "case," but it was merely a statutory proceeding to re-canvass the votes and ascertain the result.    In *Dale* v. *Irwin,* 78 Ill. 175, a proceeding to contest the election of a county judge in the circuit court was held, to all intents and purposes, to be a chancery proceeding, and that the court had jurisdiction.    But that decision has no bearing here.    It was predicated upon section 97, chapter 46, of the Revised Statutes of 1874, which in express terms confers jurisdiction on the circuit court to determine contests of the election of judges of the county court, in regard to the removal of county seats, and in regard to any other subject which may by law be submitted to the vote of the people.    This act does not, however, include the contest of an election of an alderman in a city or incorporated town.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*