Burwell v. Hawkins.

---

## Anda F. Burwell v. G. R. Hawkins et al.

92    459
r191s 389

1.  ELECTIONS—*City Council the Judge of the Election and Qualification of its Own Members.*—The city council, in cities incorporated under the general law of this State, is the exclusive judge of the election and qualification of its own members, and the courts will not exercise jurisdiction to hear and determine such election and qualification except at the suit of the people in a *quo warranto* proceeding to determine the *de jure* right of such member to act.

Interlocutory Order for an Injunction.—Appeal from the Circuit Court of Moultrie County; the Hon. WILLIAM G. COCHRAN, Judge, presiding.    Heard in this court at the May term, 1900.    Reversed.    Opinion filed December 7, 1900.

R. M. PEADRO and M. A. MATTOX, attorneys for appellant.

Spitler & Burns and John E. Jennings, attorneys for appellee.

Opinion per Curiam.

Appellees, as residents and taxpayers of the incorporate city of Sullivan, in Moultrie county, Illinois, upon their bill of complaint in chancery against appellant, then pending in the Circuit Court of said county, on June 18, A. D. 1900, in vacation, obtained from the Hon. W. G. Cochran, one of the judges of the Sixth Circuit, an order of that court for a preliminary injunction, restraining appellant "from sitting in the city council of the city of Sullivan, Illinois, as a member thereof, and from acting as alderman of the third ward of said city, and from voting as a member of said council, and from taking any part in the proceedings of said council, or of the standing committees thereof, until this honorable court, in chancery sitting, shall make other order to the contrary."

The writ of injunction having been issued and served upon appellant, he afterward, in vacation, on September 7, 1900, moved the Hon. W. G. Cochran, judge, as aforesaid, to dissolve said injunction upon the grounds, among others, that there is no equity on the face of the bill, and that the allegations thereof are insufficient to warrant the issuing of the injunction. But the judge, after hearing the motion, denied it, and filed in said court an order to that effect, to reverse which appellant brings the case to this court by appeal, and insists that it was prejudicial error against appellant for the judge to refuse to dissolve the injunction, as the allegations of the bill were insufficient to warrant the issuing of the same.

The bill, in effect, alleges that at the election held in the city of Sullivan on April 17, 1900, to elect aldermen and other city authorities of said city. Jacob Dumond and appellant, being rival candidates for alderman of the third ward therein, the former received seventy-three and the latter seventy-one votes for that office; that on May 7, 1900, there was a pretended contest between said Dumond and

appellant for the office of alderman from said third ward, heard by the city council of said city, and it fraudulently decided that appellant was elected such alderman, admitted him as a member of the council from that ward, and placed him upon some of its committees, when, in fact, said Dumond was elected such alderman by a majority of the votes cast at said election, while appellant was not; that since appellant was thus wrongfully admitted as a member of said city council, he and other members thereof, constituting a majority of its members, have fraudulently and illegally expended some of the moneys belonging to said city, and are about to fraudulently and illegally expend more thereof, to the injury and damage of appellees and other taxpayers of said city.

And the bill further avers that there is now pending in said Circuit Court a *quo warranto* proceeding against appellant to oust him from said office; and that in order to prevent a multiplicity of suits and irreparable injury to appellees and other taxpayers of said city appellees pray that appellant may be enjoined by said Circuit Court from acting and voting as a member of such city council, or upon any committee thereof, and from performing any of the duties of alderman thereof, until the said *quo warranto* proceeding is heard and determined.

As the city of Sullivan is incorporated, and acting under the general laws of this State, under the provisions of section 34 of chapter 24, Hurd's R. S. Ill. 1899, its city council is the exclusive judge of the election and qualification of the members thereof; and the courts of this State, not being otherwise empowered by statute, will not exercise jurisdiction to hear and determine such election and qualification except at the suit of the people of the State in a *quo warranto* proceeding, to test the *de jure* right of any such member to so act. (Linegar v. Rittenhouse, 94 Ill. 208, and Keating v. Slack, 116 Ill. 191.) The bill on its face shows that the city council, in a contest for that purpose, decided that appellant was elected alderman of the third ward of the city of Sullivan, and admitted him as a member thereof:

therefore it was prejudicial error for the chancellor to enter said order of the Circuit Court of Moultrie County, directing the clerk thereof to issue the injunction in this case; and it was likewise prejudicial error for him afterward to enter the order of that court denying appellant's motion to dissolve the injunction; for which errors we will reverse both of said orders and dissolve the injunction. Order reversed.