## HENRY C. MASSEY

### v.

## THE PEOPLE ex rel. Thomas E. Westcott et al.

*Opinion filed February 18, 1903.*

1. PLEADING—*a demurrer may be carried back to first fatal defect in pleading.* A demurrer to a replication may be carried back to the first substantial defect in the pleadings which might have been reached by general demurrer.

2. SAME—*demurrer cannot be carried back to reach defects in form.* A demurrer to a replication cannot be carried back to the plea so as to reach defects in matters of form.

3. SAME—*what essential to plea in quo warranto to test title to office.* A plea to an information in the nature of *quo warranto* to test respondent's title to office must allege with certainty, to a common intent, such facts as will, if true, invest him with the legal title, and it is not sufficient to allege, generally, that he was duly elected to the office.

4. SAME—*when plea in quo warranto is good in substance.* A plea to an information to test the title of respondent to the office of alderman is good, in substance, which alleges respondent's nomination; the facts showing the result of the election; the filing by the respondent of a petition to contest the election before the city council which heard the contest and declared the respondent elected; and that he was legally qualified for the office and took the oath.

5. SAME—*matter proper for replication need not be anticipated by plea.* The alleged forfeiture by respondent of the office of alderman by failing to take the oath within ten days after he was notified by the clerk of his election is a matter for replication which need not be anticipated in the plea.

6. OFFICES—*a failure to qualify within ten days not a forfeiture ipso facto.* Failure of an alderman to qualify within ten days after being notified of his election, as provided in section 12 of article 4 of the City and Village act, is a cause for forfeiture but is not a forfeiture *ipso facto*, and if he is permitted to qualify after such period the title which he obtained by the election is not lost.

*Massey* v. *People ex rel.* 103 Ill. App. 397, reversed.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Jefferson county; the Hon. E. D. YOUNGBLOOD, Judge, presiding.

FARTHING & PEAVLER, and G. GALE GILBERT, for appellant.

D. H. WELLS, CONRAD SCHUL, and WM. H. GREEN, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The State's attorney of Jefferson county commenced this suit in the circuit court of said county by filing, by leave of said court, an information in the nature of a *quo warranto*, on the relation of Thomas E. Westcott and Barton C. Wells, against the appellant, Henry C. Massey, charging the appellant with usurping the office of alderman from the first ward in the city of Mt. Vernon, in said county. Appellant appeared and presented his defense to the information in three pleas, to which replications were filed. The appellant demurred generally and specially to the replications, and the State's attorney moved the court to carry the demurrer back to the pleas. The motion was allowed, and the demurrer was carried back and sustained to the pleas. The appellant elected to stand by his pleas and refused to plead further, whereupon judgment of ouster and for costs was rendered against him. The Appellate Court for the Fourth District affirmed the judgment.

The demurrer of defendant to the replications opened the whole record, and was to be taken as a demurrer to that pleading which contained the first fatal defect. It might be properly carried back to the first substantial defect in the pleadings. (*McDonald* v. *Wilkie,* 13 Ill. 22.) The defendant to an information in the nature of a *quo warranto* to contest his title to an office must show on the face of his plea that he has a valid and sufficient title to such office. It is not enough to allege, generally, that he was duly elected to the office, but he must allege facts which, if true, will invest him with the legal title. (*Clark* v. *People,* 15 Ill. 213; *People* v. *Ridgley,* 21 id. 65; *Carrico* v.

*People*, 123 id. 198.)   The first and third pleas amounted to no more than pleas of not guilty, and that defendant was duly elected to the office of alderman at the annual city election in the city of Mt. Vernon, held on the 16th day of April, 1901.   The second plea was, in substance, as follows:   It alleged that defendant was a candidate for alderman at the annual city election in the city of Mt. Vernon, held on the 16th day of April, 1901, for the purpose of electing a mayor and other city officers; that Henry B. Hinckley was a candidate for the same office; that defendant received 119 legal votes for said office at said election and Hinckley received a much smaller number of legal votes; that two persons whose names were given, who were not legal voters, voted for said Hinckley; that by counting said illegal votes for said Hinckley the returns of the election showed the defendant and Hinckley each received 117 votes; that the defendant, on April 18, 1901, filed his petition to contest said election before the city council; that due service was had on said Hinckley; that on May 2, 1901, at a regular meeting the city council heard the contest and declared the defendant elected to said office; that he possessed all the legal qualifications for alderman, and that he then took the oath as such alderman.

While a plea must allege the facts showing good title to the office, certainty to a common intent, in general, will satisfy the requirements of the law, where the substantial facts constituting the defense can be put in issue.   (*People* v. *Shaw*, 14 Ill. 476.)   Where a demurrer is carried back of the pleading to which it is interposed, it is for defects of substance, such as are reached by general demurrer, and the question whether the court was right in carrying the demurrer to the replications back to this plea depends upon whether it was good in substance.

It is contended that the plea is argumentative and otherwise objectionable in matters of form, but these are defects which can only be reached by special demurrer,

in which the defects are required to be minutely set forth. Objections which go to form, and not substance, must be raised by special demurrer. (*Bogardus.* v. *Trial*, 1 Scam. 63; *People* v. *Holden*, 91 Ill. 446; 6 Ency. of Pl. & Pr. 303.) It might be conceded that the plea was objectionable in matter of form and that a special demurrer pointing out the objections must have been sustained, but we think that it was good in substance. The city council is judge of the election and qualifications of its own members. (1 Starr & Cur. Stat. 1896, p. 684.) It had jurisdiction of the contest between the defendant and Hinckley. (*Keating* v. *Stack*, 116 Ill. 191.) Aside from the averments concerning the contest and decision, the plea, in substance, shows good title by the election.

It is argued that the plea is defective in not stating that the city clerk gave defendant notice of his election, and the time when such notice was given, for the reason that it might be that notice was given at such a time that defendant did not take the oath of office within ten days required by law. But this is a matter concerning the forfeiture of the office to which defendant alleges that he was elected. It is not necessary or proper for a plea to anticipate a matter which should come from the other side, and matter that is proper for replication need not be anticipated in the plea. (17 Ency. of Pl. & Pr. 470.) The statute provides that the city clerk shall give notice to the person elected within five days after the result of the election is declared, and unless such person shall qualify within ten days after notice the office shall become vacant. (1 Starr & Cur. Stat. 1896, p. 689.) But the provision for notice has been held as directory, and the declaration that the office shall become vacant as the cause of forfeiture of an office rather than forfeiture *ipso facto*. (*City of Chicago* v. *Gage*, 95 Ill. 593.) In that case the question received a very full consideration, and under its authority the statute might authorize the city council to reject the defendant as alderman or to refuse

to allow him to qualify later than ten days after notice, but he would not lose the title which he obtained by his election if he was permitted to qualify and act. At any rate, if he had forfeited the office by taking the oath more than ten days after notice it would be a matter for replication, which need not be anticipated in the plea.

The court erred in carrying the demurrer back to the second plea and sustaining it to that plea.

The judgments of the Appellate Court and circuit court are reversed, and the cause is remanded to the circuit court for further proceedings in accordance with the views herein expressed.        *Reversed and remanded.*