THE PEOPLE *ex rel.* William E. Dodson

*v.*

THE BOARD OF TRADE *et al.*

*Opinion filed December 22, 1906.*

1. PLEADING—*what defects in a petition cannot be reached by general demurrer.* An answer to a petition for *mandamus* which, without ambiguity or evasion, responds to and denies the assertions of the petition, is sufficient upon general demurrer, and an objection that its denials are too general should be made by special demurrer.

2. BOARDS OF TRADE—*Chicago Board of Trade is a voluntary association.* The Chicago Board of Trade, although incorporated under an act of the General Assembly, is a mere voluntary association, the character of which is not changed by the facts that it receives income from rooms rented out, that its memberships are valuable and its members pay an annual assessment.

3. SAME—*board of trade is not obliged to admit any person to membership.* The Chicago Board of Trade is not obliged to admit any person to membership nor is any person obliged to become a member, and hence the board may adopt reasonable rules and by-laws with reference to membership, which it will be left to enforce free from interference by the courts, in the absence of infringement of the law or public policy.

4. SAME—*a rule providing for suspension without notice is not invalid.* A rule of the Chicago Board of Trade giving the association power to suspend a member, without notice, for non-payment of his assessment is not against public policy nor unreasonable.

5. SAME—*suspended, member of board of trade must pay assessments.* Under a rule of the Chicago Board of Trade providing that the neglect of *any* member to pay his assessment for the whole of any fiscal year of the association shall of itself operate as canceling the member's rights, and the payment of assessments by a suspended member shall not affect the suspension, a suspended member must pay his assessments the same as members in good standing, or forfeit his rights.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. LOCKWOOD HONORE, Judge, presiding.

Relator in this case was suspended from the "privileges of membership" in the Chicago Board of Trade under section 9 of rule 4 of that board on December 26, 1893, for ten years. He raises no question here as to the legality of that suspension. January 4, 1904, he demanded, in writing, of the board of trade and its officers that his name should be immediately replaced on the roll of active members of the board and that he be recognized as a member thereof. January 9, 1904, the secretary of the board informed him, in writing, that this demand had been duly presented to the directors, and that he, as secretary, had been instructed to refer relator to section 3 of rule 10 of the board, and to state that the privileges of membership which stood in the name of William E. Dodson had expired for failure to pay dues for the year 1894 under the provisions of that section, which reads: "When the annual assessment is made it shall be considered due, and any member neglecting or refusing to pay the same within thirty days thereafter may be excluded from the rooms of the association until such assessment is paid; and in case of the failure of any member to pay the annual assessment during the whole of any fiscal year of the association, (said fiscal year beginning and closing with the day of the regular annual election,) such failure shall of itself operate as a forfeiture and cancellation of the membership of such member and of all rights and privileges thereunder. Payment of annual assessments by a member while under suspension shall not be construed as in any way affecting such suspension." Relator, under leave granted, April 12, 1904, filed a petition in the circuit court of Cook county praying for a peremptory writ of *mandamus* commanding the board of trade and its secretary to restore him to all rights and privileges of membership. Respondents appeared by attorney and answered the petition, alleging, first, that the petition did not state a case in which the court could or should issue a writ of *mandamus*, and asking the same benefit and advantage as if they had interposed a de-

murrer, and then setting out certain rules of the board of trade, among others, section 6 of their charter granted February 18, 1859, which reads: "Said corporation shall have the right to admit or expel such persons as they may see fit, in manner to be prescribed by the rules, regulations and by-laws thereof;" also that the following agreement, which was signed by the relator, was in full force and effect at the time his membership was canceled: "We, the undersigned, members of the board of trade of the city of Chicago, do by our respective signatures, and by virtue of our membership in said corporation, hereby mutually agree and covenant with each other and with the said corporation, that we will in our actions and dealings with each other, and with the said corporation, be in all respects governed by and respect the rules, regulations and by-laws of said corporation as they now exist or as they may be hereafter modified, altered or amended." The answer also states that the respondents gave notice to relator by posting his name in the exchange room of the board, and that the following correspondence passed between the parties:

"CHICAGO, *December 8, 1894.*
*"Mr. George F. Stone, Sect., City:*
"DEAR SIR—Will you kindly let me know the amt. of dues and assessments that now stand against my membership to the board of trade, and how long a time I have to pay them before the membership is declared forfeited.     *"*Yours truly,
W. E. DODSON, *28 Jackson St., Chicago, Ill."*

*"December 10, 1894.*
*"Mr. W. E. Dodson, No. 28 Jackson St., Chicago:*
"DEAR SIR—Yours of the 8th inst. is received. I enclose an extra notification of the amount of dues this year. The dues for the year 1894 must be paid during the present fiscal year, which closes on the 7th day of January, 1895. These dues must be paid on or before that date, without fail, to save the membership from cancellation and forfeiture under the rules of this organization.
"Yours very truly,
GEO. F. STONE, *Secretary."*

Relator filed a general demurrer to this answer. After hearing, the circuit court entered an order overruling the

demurrer, and relator thereupon electing to stand by his demurrer and refusing to plead over, the court found the issues in favor of the respondents, that the answer was sufficient in law, and that the relator was not entitled to the relief prayed for in his petition, dismissing the petition with costs. Relator prayed an appeal to the Appellate Court, where the judgment was affirmed, and the case is brought here for review.

H. J. TONER, and JOSEPH I. KELLY, for appellant:

The board of trade is subject to the visitatorial power of the State, and *mandamus* is the proper remedy to restore a member illegally deprived of his membership. *Bagg's case,* 11 Coke, 93; DosPassos on Stock Brokers and Stock Exchanges, (1st ed.) p. 37, *et seq.; People* v. *Board of Trade,* 45 Ill. 112; *Fisher* v. *Board of Trade,* 80 id. 85; *People* v. *Board of Trade,* id. 134; *Baxter* v. *Board of Trade,* 83 id. 146; *Sturges* v. *Board of Trade,* 86 id. 441; *Board of Trade* v. *Nelson,* 162 id. 431; *Pitcher* v. *Board of Trade,* 121 id. 412; *Green* v. *Board of Trade,* 174 id. 585.

Section 3 of rule 10 does not apply to members under a suspension absolute, as they are under no duty to pay dues or assessments. *Carteret Club* v. *Florence,* 3 N. J. Law Jour. 208; DosPassos on Stock Brokers and Stock Exchanges, (1st ed.) 60.

Section 3 of rule 10 is unreasonable, unwarranted by the charter, contrary to public policy and contrary to the "law of the land." *Lehman* v. *Clark,* 174 Ill. 279; *Green* v. *Board of Trade,* id. 585; *Live Stock Commission Co.* v. *Live Stock Exchange,* 143 id. 210.

A member is entitled to notice and an opportunity to be heard. Angell & Ames on Corp. sec. 420; *Innes* v. *Whylie,* 1 C. & K. 257; *Queen* v. *Saddlers Co.* 10 H. L. Cas. 404; *Wood* v. *Wood,* 9 L. R. Ex. Cas. 190; *Fischer* v. *Keane,* L. R. 11 Ch. Div. 353; *Labouchere* v. *Earl,* L. R. 13 id. 146.

HENRY S. ROBBINS, for appellees:

Annual dues are payable by a member although he is suspended, and, under the rule, failure to pay them *ipso facto* terminates the membership. Board of Trade Rules, rule 4, secs. 5, 7, 9, 14, 29, 30.

Such a self-executing by-law is legal. *Lehman* v. *Clark,* 174 Ill. 279; *Hansen* v. *Supreme Lodge,* 40 Ill. App. 216; *Mutual Aid* v. *Besterfield,* 37 id. 522; *National Union* v. *Hunter,* 99 id. 146; *Parker* v. *Bankers Ass.* 86 id. 315; *Benefit Ass.* v. *Leonard,* 82 id. 214.

The courts will not interfere with the right of the board of trade to decide who shall be its members. *Doyle* v. *Insurance Co.* 94 U. S. 535; 6 Bacon's Abr. 428; *State* v. *Grand Lodge,* 8 Mo. App. 148; *People* v. *Board of Trade,* 45 Ill. 112; *People* v. *Board of Trade,* 80 id. 134; *Board of Trade* v. *Nelson,* 162 id. 431; *Baxter* v. *Board of Trade,* 83 id. 146; *Fisher* v. *Board of Trade,* 80 id. 85; *Pitcher* v. *Board of Trade,* 121 id. 412; *Sturges* v. *Board of Trade,* 86 id. 441; *Green* v. *Board of Trade,* 174 id. 585; *Board of Trade* v. *Riordan,* 94 Ill. App. 298; *Ryan* v. *Lamson,* 153 Ill. 520; *Pacaud* v. *Waite,* 218 id. 138.

Mr. JUSTICE CARTER delivered the opinion of the court:

The relator contends that the answer is not sufficiently certain to be a good pleading in a proceeding of this kind; that the denials are too general. If this contention be well founded the objection should have been taken by special demurrer. The demurrer was general and admits only what is well pleaded. The answer, without ambiguity or evasion, responds to and denies the assertions of the petition, which in our judgment is sufficient, at least when raised by general demurrer. Merrill on Mandamus, sec. 274.

It is first contended that section 3 of rule 10, set out in the statement, is unreasonable, unauthorized by the charter and contrary to public policy. The powers and obligations of the board of trade have been determined by this court in

many cases.  It is a mere voluntary organization, although incorporated under an act of the General Assembly.  While it has rented out rooms as offices, from which it derives income, insufficient, however, for its expenses, and while an assessment is required each year and each membership has a considerable money value, yet this does not change the character of the association.  The corporation is not bound to admit any person into membership nor is anyone obliged to join.  "When the relator became a member of the board of trade he voluntarily submitted himself to the operation of all laws enacted for its government, and agreed to be bound by them so far as within the corporate authority.  The by-law in question was not unreasonable, immoral, contrary to public policy nor in contravention of the laws of the land."  (*Board of Trade* v. *Nelson,* 162 Ill. 431.)  The relator contends that he was not given notice of his suspension.  By the rule in question no notice was required,—it was self-executing.  As a matter of fact he knew of this rule, as shown by his correspondence with the secretary of the board.  Such a rule is no more contrary to law or sound public policy than are the provisions in the by-laws of mutual benefit associations which provide for a forfeiture on failure to pay dues within the time limited, and that the contract shall be self-executing and create the forfeiture. *Lehman* v. *Clark,* 174 Ill. 279.

It is also contended that the rule in question does not require the payment of annual dues by a suspended member.  It reads, in case "of the failure of *any* member to pay the annual assessment," etc.  The rule under which the relator was suspended provides, among other things, that "any member suspended from the privileges of the association shall not be allowed to trade or do any business upon the floor of the exchange in his own name, either through a broker or employee."  Another rule provides: "A suspended member may be re-instated by a majority vote of a quorum of the board of directors."  Another prohibits giving "the

name of a suspended member" in a transaction on the board. It would serve no good purpose to quote at length the various rules of the board on this subject, but it is quite clear that a fair construction will require suspended members to pay the dues assessed at the annual meeting, the same as members who are in good standing. Manifestly, the relator understood this to be the construction of this rule when he wrote his letter to secretary Stone, December 8, 1894.

We have examined at considerable length the numerous authorities cited in relator's brief but will not discuss them in detail. Suffice it to say that most, if not all, of these cases, when examined, will be found to turn upon facts entirely different from those here under consideration,—sometimes the absence of charter power to enact such a rule,— or to turn upon the construction of rules entirely different from this in question. We do not think the rules and by-laws in this case infringe public policy or any rule of law, or are unreasonable, hence the courts will not interfere to control their enforcement. Under such circumstances, corporations and associations such as the board of trade "will be left to enforce their own rules and regulations in the manner they have adopted for their own government and discipline." (*Green* v. *Board of Trade,* 174 Ill. 585.) Notwithstanding the learned argument of counsel for relator in attempting to show to the contrary, we think a careful reading of the decisions of this court will show clearly our views on the questions involved. *Board of Trade* v. *Nelson, supra; Green* v. *Board of Trade, supra; Ryan* v. *Cudahy,* 157 Ill. 108; *Baxter* v. *Board of Trade,* 83 id. 146; *Fisher* v. *Board of Trade,* 80 id. 85; *Pacaud* v. *Waite,* 218 id. 138.

The pleadings in this case set out facts from which it is clear that the courts are without authority to interfere. The judgment of the Appellate Court will accordingly be affirmed.                                          *Judgment affirmed.*