MICHAEL A. THOMAS, Appellant, *vs.* THE CITY OF CHICAGO, Appellee.

*Opinion filed June 22, 1916.*

CIVIL SERVICE—*power of head of city department to lay off subordinates.* Under section 12 of the City Civil Service act a head of a department in a city has power, acting in good faith, to lay off his subordinates for a period of not exceeding thirty days because of lack of work, lack of funds or other good cause; and this power is not restricted to the seniority method prescribed by section 7 of rule 8 of the Chicago civil service commission. (*Fitzsimmons* v. *O'Neill,* 214 Ill. 494, applied.)

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding.

CLARENCE S. DARROW, and PETER SISSMAN, for appellant.

SAMUEL A. ETTELSON, Corporation Counsel, (LEON HORNSTEIN, of counsel,) for appellee.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the court:

Appellant, the plaintiff in the court below and hereafter referred to as the plaintiff, brought suit in assumpsit in the circuit court of Cook county against the city of Chicago for the amount of wages claimed to be due him for twenty-nine days, from December 3 to and including December 31, 1912, as a sanitary inspector of said city, which position

he held by appointment, in accordance with the requirements of the Civil Service law applying to said city of Chicago. It was charged in the declaration that at the time of the appointment of the plaintiff and at the time he was laid off there was in force a rule of the civil service commission of Chicago governing the method of lay-off of civil service employees, known as rule 8, section 7 of which is as follows:

"Sec. 7. *Lay-off.*—Whenever it becomes necessary in any bureau, through lack of work or funds or for other cause, to reduce the force in any employment, the person working in such bureau who was last certified for such employment shall be the first laid off. Seniority of certification shall control in lay-off cases of employees transferred from one bureau to another or re-instated in the service. This section shall not apply to positions in the common labor service, (class L,) in which employees may be laid off without regard to seniority."

It was further charged as grounds for plaintiff's claim that the defendant arbitrarily and without any reasonable cause, and in disregard of the rule above set out, laid off and suspended the plaintiff from his employment for the period above mentioned and has refused to pay the plaintiff his compensation for said space of time; that such suspension or laying off being wrongful, he was entitled to his wages for said period although he did not work; that at the time the plaintiff was laid off the defendant retained in its employ, in positions of employment similar to the position held by the plaintiff, a large number of persons who were certified and appointed to such positions a long time after plaintiff was certified to his position. Issues were joined and a trial was had before the court, which found in favor of the plaintiff and assessed his damages at the sum of $93.55, and entered judgment against the city for that amount. Defendant prayed and was allowed an appeal to the Appellate Court for the First District, which

court reversed the judgment of the circuit court with a finding of facts, which was, in substance, that the action of the city of Chicago and the head of the department of health of said city in laying off the plaintiff for a period of twenty-nine days was taken in good faith and in the interest of economy and necessary retrenchment and in an honest effort to bring the expenses of the city of Chicago for the year 1912 within the revenues of the city for that year, and not for the purpose or with the intent to circumvent or evade any provision of the act to regulate civil service of cities or any rules of the civil service officers appointed pursuant to the provisions of that act.

There is no dispute about the facts. It appears that it became necessary during the year 1912 to cut down the expenses of all departments of the city on account of an unexpected shrinkage in the revenues. There were forty-three sanitary inspectors, including the plaintiff. The plaintiff, by reason of the date of his appointment and length of service, was the ninth in order of appointment. The head of his department, in order to accomplish the necessary saving in that department, found it would be necessary to lay off approximately one-third of these inspectors. Instead, however, of laying off those last appointed, as required by section 7 of rule 8 above set out if said rule had been followed, the head of the department laid off the last seven who had been appointed, thirty-one days during October. Of the remaining thirty-six in the department, about one-third were laid off during the month of November, one-third during November and December, and the remaining one-third during portions of December and January,—all for periods aggregating twenty-nine days. It further appears that the force of sanitary inspectors was distributed, when all were working, by districts, so the entire city would be covered and all classes of business and places necessary to be inspected would be inspected, and the head of the department laid off the inspectors in such a manner that no

273 — 31

part of the city was entirely neglected but a reduced force worked in each district.

It was stipulated in the circuit court that this was a test case, involving the respective rights of the city and about three hundred employees who claim to be in a similar situation as the plaintiff, and that the amount claimed by these employees is somewhere between $25,000 and $30,-000. This fact, it seems, was considered in passing upon a motion for a certificate of importance, which was granted by the Appellate Court and pursuant to which an appeal was taken to this court.

Counsel for the defendant contend that the statute gave the head of a department authority to lay off any subordinate for a period not exceeding thirty days; that the rule of the civil service commission, if construed so as to curtail this right, is contrary to law; that the rule was, in fact, observed both in letter and spirit; that an employee is not entitled to pay for the time he is not in the service of the city even if wrongfully laid off, and that a city has the right to lay off a civil service employee if it is done in good faith and in the interest of economy.

Section 4 of the act to regulate the civil service of cities, which is in force in the defendant city, provides that the civil service commission shall make rules to carry out the purposes of the act, and for examinations, appointments and removals in accordance with its provisions, and the commission may, from time to time, make changes in the original rules. (Hurd's Stat. 1913, chap. 24, p. 402.) Section 12 of the same act provides, among other things, that "nothing in this act shall limit the power of any officer to suspend a subordinate for a reasonable period, not exceeding thirty days." An examination of the entire Civil Service act discloses that the only provisions of the act are in regard to appointments and to removals or discharge without cause. The provisions as to removals which are contained in section 12 provide that no official within the clas-

sified civil service of any city who has been appointed under said rules and after the examination provided for in the act, shall be removed or discharged except for cause, upon written charges and an opportunity to be heard in his own defense, and further provide how such charges shall be investigated before the civil service commission and how its finding and decision are enforced. The precise question to be determined is whether, under section 12 of the act, the head of the department of health had the right to suspend the plaintiff, under the circumstances, for the period of twenty-nine days, or whether any suspension or lay-off was absolutely controlled by section 7 of rule 8 adopted by the civil service commission as above set out.

The language of section 12 is explicit and unambiguous. It provides squarely that "nothing in this act shall limit the power of any officer to suspend a subordinate for a reasonable period, not exceeding thirty days." It is contended by counsel for the appellant that this provision only refers to suspensions for cause, as enumerated in that section, and was clearly inserted for the purpose of enabling the head of a department to maintain necessary discipline and efficient service by temporarily suspending an employee pending an investigation of charges preferred against him or while his case was being considered. While, undoubtedly, the head of the department would necessarily have the power to suspend a subordinate for these causes if the head of a department were to have any control over such subordinate or anything to say about the management of his department, there are a great many causes, other than those given by counsel for appellant, which might make a suspension or lay-off of the employees of a department necessary. Can it reasonably be said, under the clear and explicit language of the statute, that the head of the department has not the power to lay off employees under him for periods of less than thirty days for lack of work, lack of funds or other good cause? The Appellate Court has made

a finding of fact that the action of the head of the department was taken in good faith and in the interest of economy and necessary retrenchment and with no intent to circumvent or evade any provision of the Civil Service law, and this finding of fact is conclusive on this court. A different question would be presented if it appeared that the plaintiff had been suspended or laid off for the purpose of evading the provisions of the Civil Service law. In *Fitzsimmons* v. *O'Neill,* 214 Ill. 494, we held that section 12 of the Civil Service act, providing that no employee in the classified service shall be removed except for cause, upon written charges, etc., does not apply to removal from office consequent upon the abolishment of the office if it is in good faith and in the interest of economy, and we think the same principle should be applied in the case at bar. We are obliged to assume from the finding of facts that the head of the department of health was obliged, in the interest of economy and because of lack of funds, to reduce the force of sanitary inspectors under him, and did so in such a manner as in his judgment the best interests of the city required. If he had arbitrarily followed the rule of the civil service commission it may have been that certain parts of the city or some districts would have been left without inspectors, or their places would have been filled by men taken from other districts who were not as familiar with such districts or certain lines of business, and the work of the department would have been impaired.

Without deciding whether the civil service commission had the power to adopt the rule in question and give it the force of law, we think it is clear that the rule does not apply to a suspension or lay-off not exceeding thirty days, when such suspension or lay-off is made in good faith and because of lack of funds, as was done in this case.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*