(No. 21961.—

THE PEOPLE *ex rel.* Alice Brown Huff, Petitioner, *vs.* ERNEST PALMER, Acting Director of the Department of Trade and Commerce *et al.* Respondents.

*Opinion filed June 15, 1934.*

564

GEORGE B. GILLESPIE, and GEORGE P. COUTRAKON, for relator.

OTTO KERNER, Attorney General, (J. J. NEIGER, of counsel,) for respondents.

Mr. JUSTICE ORR delivered the opinion of the court:

By leave first granted, Alice Brown Huff, the relator, filed a verified original petition in this court for the issuance of a writ of *mandamus* directed to and commanding, first, Ernest Palmer, the acting director of the Department of Trade and Commerce of the State of Illinois and as superintendent of the division of insurance, to restore her to her position in the classified civil service of the State and to certify pay-rolls for the payment of her salary; second, to compel the State Civil Service Commission to restore her name to the civil service list and to accept and certify pay-rolls for the payment of her salary; third, to compel the Auditor of Public Accounts to audit pay-rolls

for the payment of her salary and to issue his warrant to the State Treasurer therefor; and fourth, that the State Treasurer pay the salary due the relator. The respondent Palmer filed a separate answer to the petition, and a joint answer was filed by the other respondents adopting his answer as their own. The relator filed a demurrer to the separate answer, and the cause has been submitted on the petition, answer and demurrer.

The petition and answer are long and only their substance need be set forth. The petition alleges that the relator was, and for years previous to the filing of the petition had been, an employee in the classified civil service of the State as a clerk in the division of insurance of the Department of Trade and Commerce; that her exclusive duties were checking and accounting between the division of insurance and certain life insurance companies, which work she performed satisfactorily to her superior officers; that the work was indispensable and of such quantity as to consume her entire time, and at certain times in the year it became so heavy as to require a portion of it to be assigned to other employees; that she faithfully performed her duties, violated no rule of the State Civil Service Commission and no statute of the State and that there was no just cause for her removal; that she is a Republican in politics but has not participated in political campaigns or political activities; that when a new State administration was elected in November, 1932, a committee was appointed to survey the service of the State and ascertain which employees should be removed from their positions, who retained and who reduced in rank; that the committee usurped the functions of the Civil Service Commission in making its survey; that removals were made in accordance with the previous publications of and statements by that committee, designating the persons selected by it for removal, and that no regard was had to whether such employees were in the classified civil service of the

State; that she was notified of her removal by the respondent Palmer, who was then the superintendent of insurance, in a letter in which, as she alleges, he willfully and falsely violated the State Civil Service law and the rules regulating the State civil service by stating that her removal was made because her services were not needed in the division of insurance, well knowing that she was performing an indispensable service; that thereafter Palmer became the acting director of the Department of Trade and Commerce and as such officer sent her another letter ratifying and confirming his previous act as superintendent of insurance, notifying her that her services were not needed after the date specified in the first notice, and that thereafter he would refuse to recognize her as an employee in the division of insurance or to assign to her any work; that the Civil Service Commission has construed the Civil Service law to be such that one removed from employment in the State civil service is entitled to no hearing upon any other question than whether the removal was for racial, religious or political reasons, and that the commission has no jurisdiction to consider whether a removal was for other just cause. An amendment to the petition alleges that previously she filed a bill for an injunction in the circuit court of Sangamon county to restrain Palmer from removing her; that a temporary injunction was issued but was subsequently dissolved and a decree entered dismissing her bill for want of jurisdiction appearing upon its face; that the same facts were alleged in the bill for injunction as are alleged in the petition for *mandamus,* and that in dismissing the bill the decree specified that the facts stated in the bill entitle the complainant in that suit to be restored by a writ of *mandamus* to her position, and that such decree and finding estop Palmer from alleging or proving the contrary.

The answer denies that the relator was an employee in the classified civil service of the State at the time she signed

the affidavit attached to the petition for a writ of *mandamus,* but avers that she had not been an employee in the division of insurance of the Department of Trade and Commerce since on or about January 31, 1933, when she was laid off by the acting director of that department; that previously she had been notified that her services would not be needed after that date, and that it was necessary for the department to reduce the number of employees therein for the reason that there were more persons then employed than were necessary to perform the required work. The notice is set out in the answer. The answer denies that the work of checking and accounting between the division of insurance and life insurance companies was assigned to the relator exclusively and was such as to consume her entire time or be performed daily, or that at certain times in the year a part of her duties was required to be assigned to other employees. The answer neither admits nor denies that a committee was appointed to make a survey of the service of the State, but denies that any such committee had anything to do with the appointments or removals made by Palmer as acting director of the Department of Trade and Commerce, and denies that any removal by him was unlawfully made in accordance with preliminary surveys of a committee, but avers that he made his own individual survey of the needs of his department and determined that certain employees, including the relator, should be laid off; that this action was in accordance with the rules of the Civil Service Commission; that it was necessary to reduce the number of employees because there were more persons employed than were needed to satisfactorily conduct the business of the State in that department; that the removal of the relator was in accordance with section 5 of rule 7 of the State Civil Service Commission, which is as follows: "The appointing officer in any department may reduce the number of employees by lay-off whenever it becomes necessary through lack of funds or work. Such

employees shall be placed in the order of lay-off at the head of the eligible list. All temporary employees shall be laid off first."

A part of section 12 of the State Civil Service act, also invoked, is set out as follows: "No employee in the classified civil service of the State shall be removed, discharged or reduced in rank or pay by the appointing officer except for just cause. The term 'just cause,' as used in this section, shall mean any cause which is detrimental to the public service other than political, racial or religious. * * * Whenever an employee who has been removed, discharged or reduced shall file with the Civil Service Commission, within five days after his removal, discharge or reduction, a statement in writing alleging that his removal, discharge or reduction was made for political, racial or religious causes, and that he believes that upon a hearing he will be able to establish such a fact, it shall be the duty of the commission to order a hearing. The time and place of such hearing shall be fixed by the commission and due notice thereof given to the appointing officer and the employee. Upon such hearing the commission shall determine and decide whether or not the removal, discharge or reduction was made for political, racial or religious causes, and the commission shall have no jurisdiction or authority to review, consider or determine any other question."

The answer sets forth that the relator requested a hearing before the Civil Service Commission, but afterward, through her attorney, withdrew the request and denied the jurisdiction of the commission because her suit for an injunction was then pending in the circuit court of Sangamon county. The answer admits that the Civil Service Commission had construed the State Civil Service law to be such that one removed from employment in the State civil service is not entitled to a hearing upon any other question than whether the removal was for racial, religious or political reasons. It is denied that the decree in the in-

junction proceeding estops Palmer to aver or prove the contrary of the findings in such decree.

The relator's demurrer to the answer stated that it is insufficient in law; does not purport to be an answer in a proceeding at law; does not state any legal answer or defense to the petition; does not comply with the rules of pleading at law; neither traverses nor pleads, by way of confession and avoidance, any proper matter as an answer to the petition; that it is double, uncertain, and fails to plead with the certainty required in pleadings in answer to a petition for *mandamus*.

It is contended by counsel for the relator that the facts alleged in the petition entitle her to a writ of *mandamus*, but that the averments in the answer are insufficient to constitute a proper pleading to the petition and that the demurrer thereto should be sustained. The statute regulating the practice in *mandamus* causes has no application to practice in such cases in the Supreme Court, but the practice in this court will be made to conform, as nearly as may be, to that which prevails in trial courts. (*People* v. *City of Chicago,* 193 Ill. 507; *People* v. *Mayor and Common Council of Alton,* 233 id. 542.) A *mandamus* proceeding is an action at law and is governed by the same rules of pleading that are applicable to other actions at law. (*Osborne* v. *Bradford,* 346 Ill. 464; *People* v. *Board of Review,* 329 id. 388.) The petition performs the function of a declaration, and must state facts showing that the respondent is under a legal obligation to perform the act sought to be coerced, and every material fact to show such legal duty must be alleged. (*Osborne* v. *Bradford, supra; People* v. *Blocki,* 203 Ill. 363.) The answer should deny the facts alleged in the petition or confess and avoid them, averring specifically the facts excusing the conduct of the respondent. (*People* v. *Lueders,* 287 Ill. 107; *Mayor and City Council of Roodhouse* v. *Briggs,* 194 id. 435.) When a general demurrer is filed to an answer, the denials of

the answer and any new facts alleged in it, if well pleaded, are admitted to be true. (*People* v. *Board of Review, supra; People* v. *Board of Trade,* 224 Ill. 370.) If a special demurrer is filed it raises objections to the form and not to the substance of a pleading. Andrews' Stephen's Pleading, (2d ed.) sec. 139.

It is contended that the demurrer in this case challenged the sufficiency of the answer as a pleading, and was therefore a special demurrer. A reference to the grounds stated in the demurrer, however, discloses that the objections to the form of the answer are not specific. Such statements as that the answer is "totally insufficient in law," "does not purport to be an answer in a proceeding at law," "does not state any legal answer or defense to the petition," "does not comply with the rules of pleading at law in any respect," "neither traverses nor pleads, by way of confession and avoidance, any proper matter as an answer to the petition," "is double, uncertain, and fails to plead with that certainty required in pleadings in answer to a petition for *mandamus*," are all too general. If the demurrer fails to specify the precise point wherein lies the fault in the answer demurred to, it amounts only to a general demurrer. (*Massey* v. *People,* 201 Ill. 409; *Holmes* v. *Chicago and Alton Railroad Co.* 94 id. 439; *People* v. *Holden,* 91 id. 446.) The demurrer filed to the answer amounted only to a general demurrer, and the substance of the material averments of the answer are admitted to be true. While there were legal conclusions pleaded both in the petition and the answer and the answer admits some of the facts alleged in the petition, it nevertheless denies the most important allegation, namely, that a political committee directed the removal of the relator. It also averred positively and directly that the cause of her removal was lack of work and that there were too many employees in the department in which she was employed. The Civil Service law does not require a hearing before the Civil

Service Commission except where the removal is for political, racial or religious reasons. The answer averred that the relator was discharged in accordance with the Civil Service law and the rules of the commission, which is a conclusion of law, but the averment that she was removed because of the lack of work was an averment of fact, and that averment was admitted by the demurrer. (*Fish* v. *McGann*, 205 Ill. 179.) On the record, therefore, with the first of these averments standing as denied and the latter averment admitted, the Civil Service law has no application. The removal of the relator was for a cause authorized by the Civil Service law without the necessity for a hearing before the commission. *Osborne* v. *Bradford, supra; Thomas* v. *City of Chicago,* 273 Ill. 479; *People* v. *Cohen,* 355 id. 499.

The decree of the circuit court of Sangamon county dismissing the bill for an injunction for want of jurisdiction could not be a determination of the merits of the present proceeding. All that the respondents did in that case was to move to dissolve the temporary injunction and dismiss the bill of complaint. It is not apparent how such a motion could estop respondents from answering the petition for the writ of *mandamus.* The most that a statement by the circuit court could mean would be that the complainant might have the right to petition for a writ of *mandamus.* The case of *People* v. *Harrison,* 253 Ill. 625, cited and relied upon as authority for the contention that there was an estoppel of respondents in this case, was entirely different from the present suit. In that case there was a demurrer to a pleading stating facts, and a final decree thereon was a determination on admitted facts, which was held to be available as an adjudication and a bar to a subsequent suit.

It is requested that if the demurrer herein be overruled the relator be permitted to plead to or traverse any or all of the material averments of fact contained in the

answer. In an original *mandamus* suit it is not in accord with our practice to permit parties to submit a cause on issues of law and upon a decision against them to frame issues of fact. *People* v. *Wells,* 255 Ill. 450.

For the reasons stated, the petition will be dismissed.

*Petition dismissed.*