Walter Wille, Appellant, v. Barnet Hodes, Corporation Counsel of the City of Chicago, Appellee.

Gen. No. 38,751.

Opinion filed May 11, 1936.

DAVID T. ALEXANDER, of Chicago, for appellant; JULIUS REZNIK, of Chicago, of counsel.

BARNET HODES, Corporation Counsel, *pro se.*

QUIN O'BRIEN and ADAM E. PATTERSON, Assistant Corporation Counsel, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Petitioner alleged that he was the assignee and owner of a judgment against the City of Chicago for $2,000. He filed his petition for a writ of mandamus directed to Barnet Hodes, corporation counsel, commanding him to forthwith issue a certificate certifying to the city comptroller that the judgment was in full force and effect and that no further proceedings were proper for the city to pursue in relation to the judgment. The respondent filed his motion in the nature of a demurrer to strike the petition, specifying a number of grounds. The motion was overruled and he answered. Afterward petitioner filed his motion to strike respondent's answer. The motion, in the nature of a special demurrer, set up a number of grounds; it was overruled; petitioner elected to stand by his motion; judgment was entered dismissing the suit, and petitioner appeals.

Petitioner alleged that on June 18, 1929, a judgment for $2,000 was entered in the superior court of Cook

county in favor of Julius Steinberg and against the City of Chicago; that it was unpaid and in full force and effect; that afterward Julius Steinberg died, leaving him surviving his mother and other kin; that on August 3, 1935, the mother was appointed by the probate court of Cook county administratrix of Julius's estate; that on August 14, 1935, she was authorized as administratrix to sell the judgment, and on August 15th sold it to petitioner for $1,750; that the respondent was corporation counsel of the City of Chicago; that par. 48 of ch. 4 of the Ordinances of Chicago (1922) provides that the comptroller, upon demand of the legal owner of any final judgment against the city, and upon certificate of the corporation counsel that the judgment is final, shall pay the judgment with interest thereon; that sec. 88 of the Municipal Code of 1931 provides, ''The Corporation Counsel shall certify to the City Comptroller all judgments rendered against the City as of the date following the last day on which an appeal may be made, when in the opinion of the Corporation Counsel no further proceedings are proper; provided that when the Corporation Counsel is of the opinion that an appeal is not justified, he may certify such judgment to the City Comptroller at any time.''

It was further alleged in the petition that it was the duty of the corporation counsel to certify to the city comptroller, as required by the ordinance, that the judgment in question was final, and unless he does so the judgment will remain a nullity; that despite repeated demands respondent has refused to so certify, and that no proceeding has been taken by the city at any time to alter, affect or set aside the judgment.

The answer of respondent, so far as it is material, is that he admits that no appeal was ever taken from the judgment and that no part of the judgment has been paid, ''but denies that such judgment is in full force and effect.''

The answer further avers that respondent is not informed, save by the averments of the petition, as to whether Steinberg departed this life, whether the administratrix of his estate was appointed by the probate court, or whether the administratrix was authorized to sell the judgment, but calls for strict proof thereof; but that he is informed and believes that the sale of the judgment was made with notice and knowledge that the judgment was not legal and final; that it was not honestly obtained and "was soon to be tested in a suit and litigation"; that the city refused to pay the judgment because it was "invalid, unjust, and unconscionable . . . and was obtained dishonestly, as the result of fraud and collusion, and conspiring on the part of the original judgment creditor, his attorneys, agents, and others."

The answer then sets up that the suit in which the judgment was rendered was for personal injuries sustained in an accident which occurred in the West Park System over which the city had no jurisdiction, and that the city was therefore not liable; that the facts were collusively suppressed; that plaintiff did not come into court with clean hands because the judgment was "founded in fraud." Other matters are set up which we think it unnecessary to mention here. We think the answer was wholly insufficient.

In *People v. Palmer,* 356 Ill. 563, which was a petition for a writ of mandamus, the court said (p. 569): "The answer should deny the facts alleged in the petition or confess and avoid them, averring specifically the facts excusing the conduct of the respondent. (*People v. Lueders,* 287 Ill. 107.)"

In 13 Ency. Pl. and Pr. it is said (pp. 716–718): "The respondent in his return or answer must state the facts relied upon by him with certainty. Nothing is to be left to inference.

"Where the respondent seeks to avoid performance of the act sought to be compelled by the relator, by

traversing facts relied upon by the relator to establish his claim, the return must contain a distinct denial of those facts.

"The return is required to be more certain than the writ, a plea in bar, or an answer in an ordinary case.

"At common law the highest possible degree of certainty was required. This has been described as 'certainty to a certain intent in every particular.' "

The answer did not deny the facts alleged in the petition or confess or avoid them by specifically averring the facts excusing the conduct of the respondent. It was not sufficient under the rule for the respondent to aver in his answer that he did not know the truth or falsity of the allegations of the petition.

And the argument of the respondent that the judgment in the personal injury case was obtained by fraud obviously is not pertinent here. The judgment cannot be attacked collaterally. Nor is there any merit in the contention, as stated by counsel for respondent, that "The writ of mandamus is a discretionary writ, and the petitioner cannot have it when, as here, he comes into court with 'unclean hands.' " The judgment being in full force and effect, and petitioner having shown that the respondent should certify the judgment to the city comptroller, there is no discretion in the court, but the writ must issue as prayed for. Nor is there any merit in the contention made that the petitioner is guilty of laches. *City of Cairo v. Campbell*, 116 Ill. 305.

The judgment of the superior court of Cook county is reversed and the cause remanded with directions to award the writ as prayed.

*Reversed and remanded with directions.*

McSurely, P. J., and Matchett, J., concur.