(27 Misc. Rep. 680.)

### KENNY v. KANE et al.

(Supreme Court, Special Term, New York County. June, 1899.)

MANDAMUS—MUNICIPAL CORPORATIONS—DISCHARGE UNDER CIVIL SERVICE SYSTEM.

> Laws 1898, c. 186, § 3, providing that a person employed under the civil service competitive system shall not be discharged except for reasons which shall be stated in writing and filed, nor without the employé is given a chance to explain, do not apply to the case of a sewer inspector who was employed when there was work, and was discharged because he was no longer needed; and mandamus will not lie to compel his re-employment, even though none of the statutory provisions were heeded.

Application for mandamus by Michael Kenny against James Kane, as commissioner of sewers, and others. Denied.

Roger Foster, for petitioner.

John Whalen, Corp. Counsel (Terence Farley, of counsel), for defendants.

SCOTT, J. On November 18, 1898, the applicant was appointed an inspector of a sewer in process of construction on Sedgwick avenue. A man named Purdy had previously been appointed inspector on the same sewer, and the reason why the applicant was also appointed was that the commissioner considered that the work, which was of an extended and important character, required the services of two inspectors. As the winter advanced and the weather grew colder, the exigencies of the work called for the services of only one inspector; and consequently Purdy, having been longest employed, was retained, and the applicant discharged. The commissioner did

not comply with the provisions of section 3, c. 186, Laws 1898, by stating in writing and filing the reasons for the removal, or giving the applicant an opportunity to make an explanation, although he held a place in the competitive schedule. On an application of this nature, all the facts stated by the defendant must be accepted as true; and it must be assumed, therefore, that the applicant was not discharged by reason of any alleged dereliction of duty or personal unfitness, such as might have been explained or denied if he had had an opportunity to explain, but only for the reason that, in the opinion of the commissioner, his services were not required for the proper supervision of the work. Of this the commissioner was the sole judge, and it was his duty, as well as his right, to keep the expense of supervision down to the lowest point consistent with an assurance of good work by the contractor. I do not think that the act of 1898 was intended to apply to a case like this. To give an employé an opportunity to make an explanation when there is nothing to explain would be an idle ceremony. In analogous cases it has repeatedly been held that a person protected by statutes similar to that of 1898 might be removed without a hearing, where the cause for removal was, not an alleged dereliction or unfitness, but some reason which no explanation could remove, such as an exhaustion of appropriation, an abolition of an office, or the devolution of the duties of an office upon some other person already holding another position. The fact that in his letter of appointment the applicant was informed that his employment would cease on the completion of the work under the contract does not aid him. Those words were merely words of limitation, and intended to advise the appointee that his tenure was not to be permanent. They did not express a contract that the employment should continue in any event until the completion of the work, whether the applicant's services were needed or not. Indeed, if the commissioner should have attempted to bind the city, it would be difficult to find warrant in the law for so doing.

The motion for a peremptory mandamus must be denied. If the applicant considers that he can successfully controvert any question of fact material to his contention, he may take an order for a writ of alternative mandamus. Ordered accordingly.