. PEOPLE ex rel. BRENNAN v. HAFFEN, Borough President.

(Supreme Court, Appellate Division, First Department. February 7, 1908.)

1. MANDAMUS—PRACTICE—REGULARITY.
   A proceeding by which, on papers entitled "People. on Relation of B.,
   v. H., President of Borough of B.," and on an order to show cause and
   affidavits, a peremptory order to issue a permit, which was all that was
   asked for, is granted, is wholly irregular; the order not being a mandatory
   injunction, a mandamus, or an order for a mandamus.

2. SAME—AFFIDAVITS.
   On application for mandamus, not only should the affidavit of defend-
   ant be accepted as a return, but an affidavit replying thereto should not
   be received.

Appeal from Special Term.

Proceedings by the people, on the relation of Michael Brennan,
against Louis F. Haffen, president of the borough of the Bronx.
From an order directing defendant to issue a permit, he appeals. Re-
versed, and motion denied.

Argued before PATTERSON, P. J., and McLAUGHLIN
LAUGHLIN, CLARKE, and SCOTT, JJ.

Theodore Connoly, for appellant.
Lawrence E. French, for respondent.

SCOTT, J. The defendant appeals from a peremptory order, made
upon an order to show cause and affidavits requiring the defendant to
issue a permit to Michael Brennan, designated as the relator, authoriz-
ing him to move a building along and across certain highways in the
borough of the Bronx, in the city of New York. There is no author-
ity for granting such an order in this form. It is not made in any ac-
tion or recognized form of special proceeding, and is· neither a man-
datory injunction, nor a mandamus, nor an order for a mandamus.
The papers are entitled "People of the State of New York, upon the
Relation of Michael Brennan, v. Louis F. Haffen, President of the
Borough of the Bronx," which seems to indicate that the so-called
relator intended to apply for a mandamus. He asked, however, only
for a peremptory order, and that is what was granted. If the proceed-
ing had been treated as an application for a mandamus, the affidavit
of the defendant should have been accepted as a return, and it would
have been irregular and improper to receive, as was done, an affidavit
from the so-called relator replying to the defendant's affidavit. The
proceeding was wholly irregular, and the order unauthorized. Fur-
thermore, it was erroneous. . The question involved and sought to be
raised was expressly decided by this court, adversely to the relator's
contention, in Matter of Ewing, 119 App. Div. 889, 105 N. Y. Supp.
1137, affirming an order of Mr. Justice O'Gorman refusing a similar
application, although in that case the relator adopted a proper form of
procedure.

Order reversed, with $10 costs and disbursements, and motion de-
nied, with $10 costs. All concur.