GRIFFIN v. WILLIAMS et al. (No. 7429.)

(Supreme Court, Appellate Division, First Department. June 4, 1915.)

1. APPEAL AND ERROR ⟨key⟩19—REVIEW—MOOT QUESTION.

Whether relator was entitled, after being reinstated on mandamus, to be given the same employment in the city service as before, will not be determined on appeal from an order granting an alternative writ to reinstate relator after a second discharge, if the last discharge was proper.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 63–80; Dec. Dig. ⟨key⟩19.]

2. MANDAMUS ⟨key⟩155—PROCEEDINGS—ADDITIONAL AFFIDAVITS.

Matters additional to those appearing in the petition for a writ of mandamus, and controverting the return, cannot be set up by affidavit.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. § 310; Dec. Dig. ⟨key⟩155.]

⟨key⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. MUNICIPAL CORPORATIONS ⬤═➤205—OFFICERS—DISMISSAL.

Where it became necessary to retrench, and, in pursuance of a fixed policy, relator, an assistant engineer in the department of city water supply, was dismissed, with others, and no one was appointed to fill his place and it appeared that there was no appropriation for payment of his salary, the dismissal was proper.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 557–561; Dec. Dig. ⬤═➤205.]

Appeal from Special Term, New York County.

Application by Gerald S. Griffin for a peremptory mandamus against William Williams and others. From an order denying a peremptory writ, relator appeals, while respondents appeal from so much of the order as granted an alternative writ, and from an order denying respondents' motion to resettle such order. Affirmed on relator's appeal, and reversed, and proceedings dismissed, on respondents' appeal.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Roger Foster, of New York City, for petitioner.

E. Crosby Kindleberger, of New York City, for defendants.

HOTCHKISS, J. Relator applied for a peremptory writ of mandamus directing his restoration to the position of assistant engineer in the department of water supply, gas, and electricity. The court granted an alternative writ, and both parties appeal.

Relator entered the employ of the city in August, 1888, and about the year 1900, by successive promotions, he reached the position of assistant engineer in the department of water supply, gas, and electricity. In April, 1910, charges of misconduct were preferred against relator by the then commissioner Mr. Thompson, and he was removed. A peremptory writ of mandamus for his restoration was granted by the Court of Appeals (Matter of Griffin, 202 N. Y. 104, 95 N. E. 7), and on May 23, 1911, he was reinstated as assistant engineer. On January 7, 1913, Commissioner Thompson removed relator because of lack of funds, but under advice of the corporation counsel, Mr. Williams who had meanwhile become commissioner, reinstated him, and he was assigned to duty in the construction department. On December 31, 1914, relator was removed by Commissioner Williams; the expressed grounds for such removal being for lack of an appropriation and lack of work. Relator now claims that there was, in fact, sufficient work for him to do, and an appropriation of moneys to pay him, and in support of this allegation he sets up certain facts which will be examined later.

[1] The relator's appeal is based on the theory that when, in consequence of the decision of the Court of Appeals, he was restored to the department, it was not sufficient that he should be restored to the position of assistant engineer and assigned to perform duties pertaining to that position, but that it was the duty of the commissioner to restore him to duties identical, or practically so, with those he was performing at the time of his discharge, which obligation the commissioner never performed. It is unnecessary to consider this claim, for, if it

⬤═➤For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

.ever had merit (and I by no means intend to be understood to intimate that it had), manifestly it can have no importance on this appeal in the event we find that the relator's last discharge was lawful, and that he was not entitled to an alternative writ on the application now under review.

[2] Before considering this branch of the case, there is a question of practice to be passed upon. On the hearing below the relator offered and was permitted to read a so-called replying affidavit, in which he controverted certain statements in the return, and also set forth matters in support of his motion additional to those appearing in his petition. This additional affidavit was recited in the order granting the alternative writ, and thereupon the corporation counsel moved to re-settle the order by striking out such recital, which motion was denied, and from this order, also, defendant appeals. The receipt of the additional affidavit was error, and it should be stricken from the record. People ex rel. Brennan v. Haffen, 124 App. Div. 230, 108 N. Y. Supp. 654; People ex rel. Melledy v. Shea, 73 App. Div. 237, 76 N. Y. Supp. 682.

[3] Briefly stated, the gist of the facts stated in the petition and the argument of the relator on the merits is that, inasmuch as it appeared from the petition that there was work to be done by the department of such a character as was within the scope of relator's duty as an assistant engineer, and moneys appropriated for the payment of such services, his discharge, on the ground that there was neither work for him to do nor moneys with which to pay him must have been in bad faith, or at least was illegal. The explanation of whatever apparent conflict might appear to exist between the state of facts thus disclosed by the petition and the expressed grounds on which the relator was discharged is so clearly set forth in the return, and is consistent in such large measure with facts notoriously true, as to leave no ground for the suspicion that the relator has been the victim of any bad faith on the part of the commissioner, or that there is any issuable fact disclosed in the petition. Granting the truth of every material statement of the petition, nevertheless it appears as matter of law that relator is mistaken in his conclusions, for it incontrovertably appears that there is neither work for him to do, nor is there money with which to pay him.

By the affidavits and proofs of the defendants it is shown that when the European War broke out, in the summer of 1914, the financial condition of the city was such that it became imperative for it to curtail its expenditures, particularly in the construction department; that, acting under an intimation from the board of estimate that it would be necessary for him to reduce the demands of his department, a survey of the situation was made by Mr. Williams in conjunction with the chief engineer of the department, in pursuance of which, in the department budget for the year 1915, there was a reduction of nearly $1,000,-000 as compared with the budget for the previous year. It also appeared that, as a result of the material reduction in the proposed expenditures of the department with respect of both construction and other work, a very large reduction in its engineering force followed

as a necessary result, and that in pursuance of a fixed policy, adopted from motives of business prudence, and as well from considerations of fairness to the individuals concerned, and impartially carried out, 39 men were dropped from the construction department, including eight assistant engineers (other than the relator), who drew salaries of from $2,550 to $4,800 per year, and including all engineers receiving in excess of $2,400 per annum. There was thus effected a reduction in the salary account of the construction department, as compared with the year 1914, of about 47 per cent. It also appeared without contradiction that no one had been appointed to fill the relator's place. Under these circumstances the action of the commissioner in dismissing the relator was clearly right. People ex rel. Kaufman v. Board of Education, 166 App. Div. 58, 151 N. Y. Supp. 585; People ex rel. Vineing v. Hayes, 135 App. Div. 19, 119 N. Y. Supp. 808; People ex rel. Traphagen v. King, 13 App. Div. 400, 42 N. Y. Supp. 961.

The order denying defendant's motion to resettle the order of March 25, 1914, should be reversed, without costs, and the motion granted, without costs. The order as resettled, granting an alternative writ of mandamus, is reversed, the motion for a writ of mandamus denied, and the proceedings dismissed, with $50 costs.

Order entered April 13, 1915, reversed, without costs, and motion to resettle granted. Order entered March 25, 1915, as so resettled, reversed, with $10 costs and disbursements to defendants, the motion denied, and proceedings dismissed, with $50 costs to defendants. Order filed. All concur.