(91 Misc. Rep. 128)

## COLLIGAN v. WILLIAMS.

(Supreme Court, Special Term, Kings County. June 24, 1915.)

**1. MUNICIPAL CORPORATIONS ⬥218—OFFICERS—SUSPENSION OR DISMISSAL—CIVIL SERVICE.**

The head of a department, on the ground of lack of work, if not acting in bad faith, may under the Civil Service Law (Consol. Laws, c. 7) reduce the number of positions in his department, suspend the incumbents, eliminate the appropriation therefor, and assign their duties to other employés in the department in the competitive class, where no one is appointed to his place, and his work is not given to employés in the

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

noncompetitive or exempt class, or to any employé to whose position or title such work was inappropriate.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 589–598; Dec. Dig. ☞218.]

2. MANDAMUS ☞154—SUSPENSION OR DISMISSAL OF OFFICERS—ALLEGATION OF BAD FAITH.

On application for mandamus for the reinstatement of petitioner in his competitive position in a municipal department, from which he had been suspended or dismissed, the mere unsupported allegation of bad faith on the part of the head of the department was not enough.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 296–316; Dec. Dig. ☞154.]

Mandamus by Peter M. Colligan against William Williams, as Commissioner of the Department of Water Supply, Gas, and Electricity in the City of New York. Motion for either peremptory or alternative writ denied.

Jacob Rouss, of New York City, for the motion.

Frank L. Polk, Corp. Counsel, and Elliot S. Benedict, Asst. Corp. Counsel, both of New York City, opposed.

BENEDICT, J. This is an application for a peremptory or an alternative writ of mandamus for the reinstatement of petitioner in his position of inspector of meters and water consumption in the department of water supply, gas, and electricity, a position in the competitive class, from which he was dismissed or suspended on February 1, 1915, on the ostensible ground of lack of work. He claims that his dismissal was in bad faith, and the chief reason which he alleges in support of this contention is that work of the same nature he had been doing was afterward carried on by others already in the department.

[1, 2] The opposing papers tend to show that petitioner's dismissal was in pursuance of a plan for the reduction of the number of employés in his department, owing to the need of retrenchment in the operation of the city government. The number of inspectors engaged in construction work, of whom petitioner was one, was reduced from 19 to 12 on December 31, 1914, and upon relator's dismissal on February 1, 1915, was reduced to 11 (if I correctly understand the allegations of the opposing papers), and the appropriation for his position eliminated from the budget. Petitioner does not allege that any one was appointed in his place, or that his work was given to employés in the noncompetitive class, or the exempt class, or to any employé to whose position or title such work was inappropriate, or to any one not in the department and engaged in the performance of similar work at the time of his dismissal; nor does it otherwise appear that anything of the kind has been done.

It follows, in my opinion, that petitioner has not made out a case for the issuance of either a peremptory or an alternative writ. His allegations of bad faith are not supported by any facts from which bad faith could be inferred, and the mere unsupported allegation of bad faith is not enough. Reynolds v. Williams, 154 N. Y. Supp. 407; Id., 154 N. Y. Supp. 409. It cannot be doubted that the head of a de-

partment may under the Civil Service Law reduce the number of positions in his department, suspend the incumbents thereof, and assign their duties to other employés. People ex rel. Kaufman v. Board of Education, 166 App. Div. 58, 151 N. Y. Supp. 585; People ex rel. Vineing v. Hayes, 135 App. Div. 19, 119 N. Y. Supp. 808; People ex rel. Corrigan v. Mayor, etc., 149 N. Y. 215, at page 225, 43 N. E. 554.

This case is similar in all essential features to a case recently decided by the Appellate Division in the First Department (Matter of Griffin v. Williams [Sup.] 153 N. Y. Supp. 926), where an order granting an alternative writ was reversed, In the opinion in that case Mr. Justice Hotchkiss comments on the petitioner's contentions as follows:

"Briefly stated, the gist of the facts stated in the petition and the argument of the relator on the merits is that, inasmuch as it appeared from the petition that there was work to be done by the department of such a character as was within the scope of relator's duty as an assistant engineer, and moneys appropriated for the payment of such services, his discharge, on the ground that there was neither work for him to do nor moneys with which to pay him, must have been in bad faith, or at least was illegal. The explanation of whatever apparent conflict might appear to exist between the state of facts thus disclosed by the petition and the expressed grounds on which the relator was discharged is so clearly set forth in the return, and is consistent in such large measure with facts notoriously true, as to leave no ground for the suspicion that the relator has been the victim of any bad faith on the part of the commissioner, or that there is any issuable fact disclosed in the petition. Granting the truth of every material statement of the petition, nevertheless it appears as matter of law that relator is mistaken in his conclusions, for it incontrovertibly appears that there is neither work for *him* to do, nor is there money with which to pay *him*."

These remarks are apposite to the case at bar. Motion either for a peremptory or an alternative writ denied, without costs.