(91 Misc. Rep. 131)

### PEOPLE ex rel. SKILTON v. SMITH et al.

(Supreme Court, Special Term, Kings County. June 24, 1915.)

1. MUNICIPAL CORPORATIONS ☞218—EMPLOYÉS—DISCHARGE—REDISTRIBUTION OF WORK—STATUTE.

　　Under Civil Service Law (Consol. Laws, c. 7) § 14, providing that no person shall be assigned to perform the duties of any position subject to competitive examination, unless he shall have previously passed an examination equivalent to that required by such position, or shall have served at least three years in a similar position, where relator, an assistant engineer in the department of water supply, gas, and electricity of the city of New York, had not performed duties necessarily appurtenant to his position, or to any position in a competitive class, but had for several years been in charge of the real estate bureau, the work of which had progressed so far that its volume was materially reduced, and relator's position abolished, its duties being transferred to a division engineer in charge of the division of investigation and design, an exempt

position, such transfer of the discharged assistant engineer's duties to one in an exempt position was not a violation of the statute.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 589–598; Dec. Dig. ☞218.]

2. MUNICIPAL CORPORATIONS ☞218—EMPLOYÉ'S OFFICE—ABOLITION—RE-DISTRIBUTION OF WORK—BAD FAITH.

No inference arose as a matter of law from such facts that the dismissal of the assistant engineer of the department of water supply, gas, and electricity was in bad faith.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 589–598; Dec. Dig. ☞218.]

3. MANDAMUS ☞159—ALTERNATIVE WRIT—QUESTION OF FACT—REMOVAL OF OFFICER.

Under Civil Service Law, § 14, providing that no person shall be assigned to perform the duties of any position subject to competitive examination, unless he shall have previously passed an examination equivalent to that required by such position, or shall have served at least three years in a similar position, where, upon abolition of the position of assistant engineer in the department of water supply, gas, and electricity of the city of New York, a position in the competitive class, the duties of the office were assigned to a division engineer in charge of the division of investigation and design, an exempt position, as alleged in the former assistant engineer's petition for mandamus seeking reinstatement, and where the opposing affidavits alleged that the division engineer had occupied his position some time prior to the abolition of the assistant engineer's office, and that on the redistribution of such assistant engineer's duties some of them were assigned to the division engineer, an alternative writ would issue to try the question whether the assistant engineer's disposition or dismissal was in good faith in a legal sense.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 324, 325; Dec. Dig. ☞159.]

Mandamus by the People, on the relation of George S. Skilton against Merritt H. Smith, Chief Engineer of the Department of Water Supply, Gas, and Electricity of the City of New York, and William Williams, Commissioner of the Department of Water Supply, Gas, etc. Motion for alternative writ granted.

Ferguson & Ferguson, of New York City (Leslie C. Ferguson, of New York City, of counsel), for relator.

Frank L. Polk, Corp. Counsel, and Elliot S. Benedict, Asst. Corp. Counsel, both of New York City, for respondents.

BENEDICT, J. The relator, a veteran volunteer fireman, seeks reinstatement to the position of assistant engineer in the department of water supply, gas, and electricity. He is one of a number of employés dismissed or suspended from service on December 31, 1914, in consequence of a reduction of the force of employés in that department.

[1, 2] Relator's principal grievance, urged in his brief, seems to be that some of the duties performed by him were, in the redistribution of his work necessitated by the abolishment of his position, assigned to Elmer G. Manahan, a division engineer, in charge of the division of investigation and design, an exempt position, while the position held by relator was in the competitive class. He claims that this

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
154 N.Y.S.—19

was in violation of, the provision of section 14 of the Civil Service Law that:

"No person shall be transferred to, or assigned to perform the duties of, any position subject to competitive examination, unless he shall have previously passed an open competitive examination equivalent to that required for such position, or unless he shall have served with fidelity for at least three years in a similar position."

Relator's duties were not necessarily appurtenant, so to speak, to his position, or to any position in the competitive class. He was one of a number of engineers in the department, among whom the work was distributed by the commissioner and the chief engineer. For several years prior to his dismissal relator was in charge of the real estate bureau, the work of which seems not to have been particularly appropriate to the title of engineer. Work of this bureau, it is alleged in the opposing papers, had so far progressed at the end of 1914 that the volume of work was materially reduced. Accordingly relator's position was abolished, and some of his duties transferred to Mr. Manahan, and others to another person. All this does not, as it seems to me, show any violation of the provision of section 14 above quoted. See People ex rel. Daly v. Jones, N. Y. Law Journal, August 19, 1910, affirmed 144 App. Div. 929, 129 N. Y. Supp. 1141. Nor does it justify the inference, as matter of law, that relator's dismissal or suspension was in bad faith. Hence no case for a peremptory writ is made out.

[3] I think, however, that an alternative writ should be granted, not only on the allegations of fact above referred to, but also on the further allegation of the petition to the effect that on or about January 1, 1915, the commissioner appointed Manahan as division engineer, without his having taken any civil service examination, and transferred to him the duties previously performed by relator. The opposing affidavits allege that Mr. Manahan at that time occupied, and for some time prior thereto had occupied, the same position he now holds of division engineer, and that in the redistribution of the duties formerly performed by relator some of them were assigned to Mr. Manahan.

A distinct issue is thus raised upon a material question of fact; and in consideration of all the allegations of the petition and the opposing papers, I think that an alternative writ should issue to try out the question whether relator's suspension or dismissal was in good faith in a legal sense—I do not see any reason to question the actual good faith of the commissioner—and also, if relator desires, the question whether or not all of his duties were transferred to an employé in the exempt class.

In what has been said above I have assumed that Mr. Manahan was not a veteran, but there is no allegation in the petition to that effect, and the petition should be amended in this respect before the alternative writ issues.

Motion for alternative writ granted.