In the Matter of the Application of MARC M. FOX, for an Order of Mandamus against HENRY D. SAYER, Industrial Commissioner of the Department of Labor.

(Supreme Court, Kings Special Term, November, 1921.)

Civil service — removal of employee — mandamus — Labor Law (Laws of 1921, chaps. 50, 642) — Civil Service Law (Laws of 1920, chap. 836), § 22-a.

   The provision of section 18 of the revised Labor Law (Laws of 1921, chap. 50) as amended by chapter 642 of the laws of the same year, that the Industrial Commissioner, notwithstanding any other general or special law, saving and excepting section 22 of the Civil Service Law, "may remove any \* \* \* employee in the department," relieves said commissioner from complying with the requirement of section 22-a of the Civil Service Law (added by Laws of 1920, chap. 836) directing that suspension be made in the inverse order of appointment.

   The reason assigned for the suspension of relator from his position of factory inspector in the department of labor was that the reduced appropriation for the department for the current year necessitated a reduction in the number of factory inspectors. Relator's petition for a peremptory writ of mandamus to compel his reinstatement alleged that when he was laid off other factory inspectors who had been appointed more recently than he were reinstated, and that at the time his services were discontinued one P. was appointed a factory inspector to take his place. A denial of these allegations was

Supreme Court, November, 1921.          [Vol. 116.

coupled with allegations that P. was already in the department as a factory inspector, that he was notified of his suspension as such at the same time as petitioner but upon discovery that the appropriation was sufficient to warrant his retention the notice to P. was withdrawn before it took effect. *Held,* that petitioner had no ground for complaint and his application will be denied but without prejudice to a motion for an alternative writ of mandamus.

APPLICATION for a peremptory writ of mandamus.

Theodore L. Sklamberg, for petitioner.

Charles D. Newton, attorney-general (Robert P. Beyer, deputy attorney-general, of counsel), for respondent.

BENEDICT, J.   The petitioner in this proceeding asks for a peremptory mandamus order reinstating him as a factory inspector in the state department of labor.

The reason assigned for his removal or suspension was that the reduced appropriation for the department for the current year necessitated a reduction in the number of factory inspectors.   Two grounds of objection are set forth in the petition, *first,* that when petitioner was suspended or laid off, other factory inspectors who had been appointed more recently than he were retained, and, *second,* that at the time his services were discontinued, another person, one Piliero, was appointed as a factory inspector to take his place.

The first objection is based on section 22-a of the Civil Service Law, added by Laws of 1920, chapter 836, which, among other things, provides in effect that in case of the abolition of positions in the competitive class or qualified grades in the civil service, suspensions shall be made in the inverse order of appoint-

ment — meaning, I assume, that when there are a number of employees in a department of the same grade and having the same official title, and it is found necessary to reduce the force, the one last appointed shall be first suspended, and so on. In opposition to this it is urged that such provision has been superseded by section 18 of the revised Labor Law of 1921 (Laws of 1921, chapter 50) as amended by Laws of 1921, chapter 642, section 1. Said section 18 reads in part as follows: "The commissioner, notwithstanding the provisions of any other general or special law, saving and excepting the provisions of section twenty-two of the civil service law, may transfer officers or employees from their positions to other positions in the department, or abolish or consolidate such positions and may remove any officer or employee in the department."

This provision, I think, relieved the commissioner from complying with the requirement of said section 22-a of the Civil Service Law directing that suspensions be made in the inverse order of appointment. *Matter of Meehan* v. *Sayer,* N. Y. L. J., Oct. 14, 1921, 172.

Taking up the second objection, above mentioned, the allegations of the petition are denied by the respondent who alleges that Piliero was already in the department as a factory inspector, that he was notified of his suspension as such inspector at the same time as petitioner but that the notice was withdrawn before it took effect, upon it being discovered that the appropriation was sufficient to warrant his retention. If such be the fact, the petitioner has no ground of complaint. I have heretofore had occasion to examine questions arising from dismissal or suspension of departmental employees in order to reduce the force, and have ruled that the transfer of the

duties of an employee so suspended to other employees or another employee in the competitive class of the same grade and having the same official title (as distinguished from a mere departmental designation) is no violation of the rights of the person suspended. *Matter of Colligan* v. *Williams,* 91 Misc. Rep. 128; *People ex rel. Osterhout* v. *Williams,* Id. 95; affd., 173 App. Div. 981; *People ex rel. Skilton* v. *Williams,* 91 Misc. Rep. 131; *People ex rel. Wagner* v. *Williams,* Id. 135; 93 id. 296. These cases make it clear that petitioner is not entitled to reinstatement if Piliero was a factory inspector in the department at the time of petitioner's suspension, and petitioner's duties were merely transferred to him in whole or in part. Petitioner may be entitled to an alternative mandamus order to try the question of fact raised by the opposing affidavit, but he has not applied for such an order in his notice of motion, as, in my opinion, he should have done if he desired such an order in case his application for a peremptory order should be denied. Civil Practice Act, § 1315.

Motion denied, without costs and without prejudice to an application for an alternative mandamus order.

Motion denied.