[No. 16836. Department One. April 14, 1922.]

THE STATE OF WASHINGTON, *on the Relation of P. C. Lennon, Respondent,* v. J. Y. C. KELLOGG *et al., Appellants.*[1]

MUNICIPAL CORPORATIONS (66) — EMPLOYEES — REMOVAL — CIVIL SERVICE RULES—REVIEW. Where a discharged city employee in civil service fails to demand an investigation by the civil service commission within ten days, as required by the city charter, the courts cannot inquire into the discharge or order his reinstatement.

Appeal from an order of the superior court for King county, Ronald, J., entered August 31, 1921, directing the investigation of the cause for the discharge of a civil service employee, etc., by the civil service commission. Reversed.

*Walter F. Meier* and *Frank M. Preston,* for appellants.

*Thorwald Siegfried* and *Eimon L. Wienir,* for respondent.

FULLERTON, J.—On December 21, 1920, the relator, Lennon, was, and for some time prior thereto had

[1]Reported in 205 Pac. 843.

been, an employee of the city of Seattle in its classified
civil service. On the date given he was operating, as
motorman and conductor, one of the cars of the city's
street railway system, and while so operating
the car brought it into collision with another
car of the city. For this act he was, on the
next day, discharged from his employment by
the city's superintendent of railways. The su-
perintendent immediately notified the civil ser-
vice commission of the discharge, stating in his notifi-
cation the reasons therefor. On the day following,
December 23, 1920, the civil service commission sent to
the relator a notice of discharge, stating in the notice
the reasons given therefor, and accompanying it with
a copy of the provisions of the city charter and the
civil service rules relating to the discharge of employ-
ees and the rights of discharged employees thereunder.

These, after providing that an employee in the classi-
fied civil service of the city may be removed by the
appointing power, provide that any employee so re-
moved may, within ten days after such removal, de-
mand an investigation by the civil service commission,
whose duty it shall be, if such demand be made, to
make an investigation of the cause assigned for the
removal and certify its finding and decision to the ap-
pointing officer; further providing that, if the removal
is not sustained thereby, the employee shall be at once
reinstated, but if sustained, the dismissal shall be ef-
fective from the date of the action of the appointing
officer. The charter and rules also provide for a hear-
ing before the commission in which the discharged em-
ployee may be heard personally and by witnesses.

The relator made no demand for an investigation by
the civil service commission within the ten-day period.
He did, however, but whether within the ten-day period

or not does not appear, make complaint to the superintendent of railways of his discharge. That officer made a further investigation of the matter, and on January 10, 1921, reinstated the relator as conductor, but gave him "to understand that he could not work as an operator from that time on," and notified the commission of his action by letter under date of January 13, 1921, in which he expressed the wish that the commission would concur in his action. The commission, however, refused to so concur, and the relator was again discharged on March 23, 1921.

The relator thereupon instituted proceedings in mandamus in the superior court of King county against the civil service commission, praying a writ requiring the commission to permit the relator to return to the use and enjoyment of his employment, require the commission to investigate the cause of his discharge, and to annul the same upon their records. In obedience to the alternative writ of mandate served upon them, the commission appeared and both demurred and answered to the petition for the writ. On the pleadings, which show the foregoing facts, the court determined that the relator was entitled to an investigation into the cause of his discharge, and entered an order directing such investigation to be made; further ordering that, if the removal be found to be without cause, the relator be at once reinstated to his former position. From this order the commission appeal.

We cannot think the order of the court justified. The city charter of the city of Seattle and the rules of its civil service commission provide an orderly procedure by which a discharged employee of the city may have the cause of his discharge investigated. The courts have no power or authority to alter or amend this procedure. They cannot inquire into the justice of the employee's cause, nor inquire whether the

grounds upon which a discharge is based is well or ill-founded, unless it be in an extreme case, of which this is not one. Its power is confined to the inquiry whether the officers empowered to make the discharge have in so doing acted within the prescribed rules. Here there was no departure from the rules. The relator neglected to pursue the prescribed procedure and pursued one not prescribed. He has thereby brought about a situation from which the courts are powerless to relieve him.

The order is reversed, and the cause remanded to dismiss the proceedings.

PARKER, C. J., MITCHELL, TOLMAN, and BRIDGES, JJ., concur.