[No. 17655.   Department One.   July 26, 1923.]

THE STATE OF WASHINGTON, *on the Relation of John M. Davis, Appellant*, v. THE CITY OF SEATTLE *et al., Respondents.*[1]

MUNICIPAL CORPORATIONS (66) — EMPLOYEES — REMOVAL — CIVIL SERVICE RULES—REVIEW. Under Seattle Charter, Art. 16, § 12, requiring a discharged employee in the civil service to demand an investigation within ten days, the courts cannot inquire into his discharge, where he demanded no investigation but only filed a protest against his discharge.

SAME (66) — EMPLOYEES — REMOVAL — PROCEEDINGS — REVIEW — ESTOPPEL. Upon an issue as to the legality of the discharge of an employee in the civil service, the fact that the civil service commission treated the matter as a dismissal during the probationary period, which was not legally accomplished, does not estop the city from asserting, or the court from deciding, on the facts in the record, that the appointment was complete and that he was legally discharged after the expiration of the probationary period.

Appeal from a judgment of the superior court for King county, Ronald, J., entered April 4, 1922, upon findings in favor of the defendant, dismissing a mandamus proceeding to compel a city to reinstate a discharged civil service employee, tried to the court. Affirmed.

*George L. Spirk* and *Edward C. Kriete*, for appellant.

*Walter F. Meier* and *Frank M. Preston*, for respondents.

'Reported in 216 Pac. 858.

MAIN, C. J.—The appellant, John M. Davis, brought an action of mandamus in the superior court to require the city of Seattle and its proper officers to reinstate him in a position in the engineering department from which he had been discharged, and for the recovery of salary which he claimed that he was entitled to. The trial resulted in a judgment dismissing the action, from which this appeal is prosecuted.

The facts are not in serious dispute and may be stated as follows: The appellant, on October 1, 1919, was appointed as an abstractor in the engineering department of the city of Seattle, which position was in the classified civil service. The probationary period through which all civil service employees must pass was three months, and in the appellant's case would have expired on December 31, 1919. On this date the city engineer orally notified the appellant that his services were no longer required in that department and that he should not thereafter return for work. On the 5th day of January, 1920, the city engineer filed with the civil service commission a written notice of the discharge of the appellant, and, among other things, this notice recited that the appellant was discharged because he failed "to measure up to the standard of efficiency necessary for properly performing the duties of an abstractor." On January 13, 1920, the civil service commission approved the discharge, and on the day following notified the appellant in writing. After the discharge, and prior to the approval thereof by the civil service commission, the appellant filed a protest with the commission. The appellant claims that, since the consent of the commission was not obtained on or prior to the day of his discharge on the 31st of December, and since the reason for his discharge was not filed by the city engineer with the civil service com-

mission on or prior to that date, his appointment became complete under the classified civil service. Section 10, of art. XVI, of the charter of the city of Seattle provides that:

"Before the expiration of the period of probation the head of the department or office in which a candidate is employed may, by and with the consent of the commission, discharge him upon assigning in writing his reasons therefor to the commission. If he is not then discharged his appointment shall be deemed complete."

Another section of the charter provides that the civil service commission may make rules to carry out the purposes of the charter provisions governing civil service employees. Section 3 of rule VIII of the commission provides that:

"During the first three months of regular service (the probationary period) an appointing officer may, by and with the consent of the commission, dismiss a probationer by filing with the commission a statement in writing of his reasons therefor. Such dismissal shall become effective at once unless disapproved by the commission."

The appellant argues that, under the charter provision above quoted, he could not be discharged as a probationer without the approval of the commission and the assigning of the reasons in writing before the expiration of that period, and that, since neither of these was done, his appointment became complete. It is unnecessary here to determine whether a probationary employee may be discharged, as was the appellant, during the probationary period, and the reasons stated to the commission and the approval of the commission be had subsequent to the expiration of such period. Assuming, without deciding, that the appellant's appointment had become complete, the question

then arises whether he was legally discharged as such employee. Section 12, of art. XVI, of the city charter, among other things, provides that:

"Every officer or employee in the classified civil service shall hold office until removed or retired. Any officer or employee in such service may be removed by the appointing power only upon the filing with the commission of a statement in writing of the reasons therefor. Any officer or employee so removed may within ten days after his removal demand an investigation. The commission shall forthwith make such investigation and its finding and decision shall be certified to the appointing officer, and if the removal is not sustained thereby, the officer or employee so removed shall at once be reinstated. . . ."

Under this provision of the charter, assuming that the appellant's appointment had become complete, he could be removed by the head of the engineering department filing with the commission a statement in writing of the reasons therefor. A statement in writing was filed, as above stated, on the 5th day of January, giving as the reason for the discharge that the appellant did not measure up to the standard of efficiency necessary for properly performing the duties of an abstractor. After this he had a right within ten days to demand an investigation, when it would have been the duty of the commission forthwith to make such investigation. He did not demand an investigation, but only filed a protest against his removal. Since he failed to demand an investigation by the civil service commission within ten days, as required by the city charter, the courts cannot inquire into his discharge or order his reinstatement. *State ex rel. Lennon v. Kellogg*, 119 Wash. 584, 205 Pac. 843.

It is strenuously argued by the appellant that, since the civil service commission treated the matter as a

discharge during the probationary period, and the respondents in their answer to the petition took the position that the appellant was legally discharged as a probationer, they are now estopped to assert or contend that his appointment had become complete and that because of his failure to file a demand for an investigation he cannot have his discharge reviewed by the courts. The fact that the civil service commission may have believed that the appellant was legally discharged as a probationary employee would not estop the court from taking a different view as to the legal effect of the facts. As to the answer to the petition, we are not advised as to its contents, since it does not appear in the transcript brought to this court; but even though the respondents may have pleaded, after stating the facts, that the appellant was legally discharged as a probationer, this would not prevent the court from deciding the case upon the facts as they appeared upon the trial, treating the answer as amended to conform to such facts. The court must deal with the legal effect of what was done. The respondents are not estopped from taking a legal position based upon the facts as they appear in the record. Treating the appellant's employment as having become complete before his discharge, it follows that he was legally discharged as such employee on the 5th day of January, 1920, by the filing by the head of the engineering department with the civil service commission of a statement in writing giving the reasons for the discharge. The appellant, having failed within ten days thereafter to demand an investigation, cannot now complain that his discharge was wrongful.

The judgment will be affirmed.

BRIDGES, HOLCOMB, MITCHELL, and MACKINTOSH, JJ., concur.