[No. 19252.   Department Two.   August 6, 1925.]

THE STATE OF WASHINGTON, on the Relation of J. C. Hubbard, Relator, v. THE CITY OF SEATTLE et al., Respondents.[1]

MUNICIPAL CORPORATIONS (87)—AGENTS AND EMPLOYEES—COMPENSATION—BACK PAY DURING SUSPENSION. Under a city ordinance providing that the appointing officer may suspend a subordinate without pay for thirty days, one who was unjustly suspended is not entitled to pay during the period, even if he had an agreement with the appointing officer that he should have pay if acquitted of the charge.

SAME (90)—AGENTS AND EMPLOYEES—DISCHARGE—VALIDITY— NOTICE OF. Under a city charter providing that a discharged employee may demand an investigation within ten days after his removal, failure to demand the investigation is not excused by the fact that he had no notice of the filing of the statement of the reasons for his removal, the charter not providing for such notice.

Appeal from a judgment of the superior court for King county, Hon. Chas. E. Claypool, judge pro tempore, entered January 31, 1925, upon findings in favor of the plaintiff in mandamus proceedings to re-

[1] Reported in 238 Pac. 1.

instate a discharged city employee, after a trial on the merits.   Reversed.

*Thomas J. L. Kennedy* and *A. C. Van Soelen,* for appellant.

*Arthur H. Hutchinson,* for respondents.

MACKINTOSH, J.—The relator was a civil service employee in the lighting department of the city of Seattle, and on May 2, 1924, was suspended from his work by the appellant Ross, the superintendent of that department, for the reason that he had been arrested on a charge of tampering with electric current meters.

From May 2 to the following October 2 the relator was regularly suspended for a period of thirty days each.   About November 7, at the end of the last thirty-day period, he reported for work but was notified by Ross that he was discharged.   On November 10, Ross filed with the civil service commission a statement in writing of the grounds of the discharge, as required by § 12, art. 16, of the city charter.   On November 21, the relator demanded an investigation under the provisions of the charter.   Upon investigation being held, the civil service commission ordered the relator reinstated, and thereafter he reported to Ross for work, but the latter declined to recognize the reinstatement.   This action was then begun for the purpose of compelling the officers to make the reinstatement, and to deliver warrants for wages from the 2nd day of May to the 2nd of January following.   Upon a hearing in the superior court, the writ was issued, and this appeal has been taken.

This matter resolves itself into two phases:

First, was the relator, in any event, entitled to pay from May 2 to November 10?   In our view, he was not. The city charter provides, in § 12, art. 16, that the appointing officer may suspend a subordinate without pay

for a period of not more than thirty days.  It is the contention of the relator that, although he was suspended, he was suspended with pay; that he had some arrangement with Ross in the nature of a so-called gentleman's agreement, according to which, if he were acquitted of the criminal charge (which he ultimately was), the city was to pay him for the time during which he did not work.

If such an agreement existed, it would not bind the city, for there is no power residing in any one to make it.  An employee, unlike an officer, is only entitled to compensation dependent upon the performance of actual work and cannot recover unless he has rendered or tendered such service to the municipality, unless he has been illegally suspended, and there is no claim made that the suspensions were not lawfully made. In no event in this case was the relator entitled to a remuneration for services which he did not perform.

Second, the other question is whether the relator was properly discharged on November 10.  The charter provides in § 12, art. 16, that employees shall hold office until removed and that they may be removed by the appointing officer upon filing with the civil service commission a statement in writing for the reasons thereof and that any "employee so removed may within 10 days after his removal demand an investigation," and that, if an investigation is made and the removal is not sustained, the employee shall be reinstated.

It would seem that, under the language of the charter, the removal became complete on November 10, for the relator did not within ten days after that date exercise the right of demanding an investigation.  This court, in *State ex rel. Lennon v. Kellogg,* 119 Wash. 584, 205 Pac. 843, and *State ex rel. Davis v. Seattle,* 125 Wash. 660, 216 Pac. 858, has said that, in the absence of a demand for an investigation *within the ten*

*days,* no inquiry into the discharge or order of reinstatement can be made.

The relator urges, however, that not having received the notice of the filing of the statement giving the reasons for his discharge within ten days thereafter, he is absolved from the necessity of giving the notice called for by the charter. An appealing argument might be made to the charter makers that notice of the discharge should be a prerequisite of the separation of an employee from his employment, but the charter makers have made no such provision for such notice; and in that situation, the court cannot rewrite the charter to conform to the relator's argument. As this court has already said, in *Price v. Seattle,* 39 Wash. 376, 81 Pac. 847:

"The fact that another provision of the charter permits the officer or employee to demand an investigation at the hands of the civil service commission, and empowers the commission to reinstate him, does not, in our opinion, change the rule. In adopting the civil service system for the purpose of securing, and retaining in its employ, competent servants, we are of the opinion that the people of Seattle deemed it wise to impose no restrictions upon the power of removal, except a requirement that the reasons shall be stated in writing, and an investigation allowed by an impartial board of its own creation. In adopting a charter it was competent for the city to adopt the first rule above stated, which admits of a removal at pleasure and without cause, or the second, which only admits of a removal after a hearing and upon cause shown. In our opinion the city adopted a course midway between the two. It doubtless considered the requirement that the reasons for the removal should be stated in writing and made a matter of record a sufficient safeguard against improper removals, and an investigation by the civil service commission a sufficient protection to the discharged employee. Whether such provisions

are wise or unwise is not for the consideration of this court."

See, also, *State ex rel. Wolcott v. Boyington,* 110 Wash. 622, 188 Pac. 777.

There being no restriction upon the power of removal except the requirement that the reasons shall be reduced to writing and filed, the failure of the discharged employee to demand an investigation within the time set by the charter cannot be excused for the reasons presented by the relator in this case.

The judgment is reversed, and the writ of mandate denied and quashed.

TOLMAN, C. J., HOLCOMB, FULLERTON, and MAIN, JJ., concur.