[No. 19320.   Department Two.   January 4, 1926.]

THE STATE OF WASHINGTON, *on the Relation of J. W.
Abel, Appellant,* v. THE CITY OF SEATTLE *et al.,
Respondents.*[1]

[1] MUNICIPAL CORPORATIONS (66)—REMOVAL OF OFFICERS—PROCEED-
INGS AND REVIEW.  Under Seattle charter, art. XVI, § 12, re-
quiring a city employee who is removed to demand an investiga-
tion within ten days, an assistant poundmaster, who was laid
off and made no demand for two months, is foreclosed from
contesting the same, either by the provisions of such section
relating to removals, or by the fact that two months was an
unreasonable delay in objecting to a "lay-off."

Appeal from a judgment of the superior court for
King county, Ralston, J., entered December 3, 1924,
and from a judgment denying a peremptory writ of
mandate directing the issuance of salary warrants to
relator and dismissing the action.   Affirmed.

*C. L. Butcher* and *Harry S. Worthman,* for appellant.
*Thomas J. L. Kennedy* and *Frank M. Preston,* for
respondents.

MACKINTOSH, J.—The relator asked to have salary
warrants issued to him and, the request having been
denied, has appealed.   The record discloses that he had
been one of four assistant poundmasters in the police
department of the city of Seattle, under civil service,
and that on July 11, 1923, he was laid off from his
position on account of lack of work.   The chief of police
had kept efficiency ratings, and for the six months
period prior to the lay off, the ratings of the relator
showed that he stood lower than two other regular
assistant poundmasters.   The civil service commission,
on July 3, had granted the application of the chief of

*Reported in 242 Pac. 9.

police and allowed a correction to be made of the ratings, which, prior to that time, had shown the relator's rating to be higher than of one of those two. By reason of the change in the ratings, the relator and one other were laid off on July 11 on account of the lack of work. On September 21, the relator filed a written demand for investigation by the civil service commission; and upon that investigation being made, the commission rescinded its action of July 3 and restored the original rating; and as a result of this decision the relator went back to work, replacing one of the poundmasters who on July 11 had been kept in his position, and now claims a salary from July 11 to November 25, the date of his reinstatement.

The first point urged by the respondents in defense of the relator's action is that the civil service commission has no jurisdiction or authority over department heads in the matter of lay offs on account of lack of work. Section 4, article XVI, of the charter provides that the civil service commission shall make rules to carry out the purposes of the article, and "for examinations, appointments, promotions and removals in accordance with its provisions." It is argued that, since the subject of lay off is not mentioned in the article, and a lay off is not a removal (*State ex rel. Voris v. Seattle,* 74 Wash. 199, 133 Pac. 11, 4 A. L. R. 198), the civil service commission has no power to make rules in regard to lay offs. It is true that the courts of many states, where city charter provisions seem to be very similar to the one obtaining in Seattle, have held that it was not intended that the commission should be allowed to pass rules providing for the manner and order in which lay offs should be made, but that they are purely questions of internal administration, over which the civil service commission should have no au-

thority. *Fitzsimmons v. O'Neill,* 214 Ill. 494, 73 N. E. 797; *Phillips v. City of New York,* 88 N. Y. 245; *Kenny v. Kane,* 27 Misc. Rep. 680, 59 N. Y. Supp. 555; *People ex rel. Steers v. Department of Health·of City of New York,* 86 App. Div. 521, 83 N. Y. Supp. 800; *Heath v. City of Salt Lake City,* 16 Utah 374, 52 Pac. 602; *Curtis v. State ex rel. Morgan,* 108 Ohio St. 493, 140 N. E. 522; *Thomas v. City of Chicago,* 273 Ill. 479, 113 N. E. 140.

But, as we view the matter, it is unnecessary for us to determine whether the question of lay offs is one entirely within the discretion of the heads of departments and that the rules made by the civil service commission in regard to the matter are invalid and outside of the province of the commission. And that question is left open for determination at some future date, as in this case it is not necessary to decide it.

And it is also unnecessary to decide the second ground urged by the respondents, that, even if § 7, rule 10, of the commission, which reads as follows:

"Whenever it becomes necessary in any department, through lack of work or for other cause, to reduce the force, the persons, if any, who may be serving in a temporary capacity in position in question, shall first be laid off, then those who have been regularly appointed, but who are serving their probationary period, after which lay off of regular employes shall be made in order of efficiency ratings as shown by the Commission's records, those being laid off first who have the lowest average efficiency rating for the six months next preceding the date of lay off. If efficiency ratings are equal seniority shall control."

was made within the authority of the civil service commission, that commission would not have the power to fix the individual ratings in case an appeal were taken; that, even though the commission might have the right to designate by rule that employes should be

laid off in the inverse order of their efficiency ratings, the commission itself does not have the right to fix those ratings and decide for itself who shall be laid off.

The appellate jurisdiction of the commission is contained in § 12, article XVI, which reads:

"Every officer or employe in the classified civil service shall hold office until removed or retired. Any officer or employe in such service may be removed by the appointing power only upon the filing with the commission of a statement in writing of the reasons therefor. Any officer or employe so removed may, within ten days after his removal, demand an investigation. The commission shall forthwith make such investigation, and its finding and decision shall be certified to the appointing officer, and if the removal is not sustained thereby, the officer or employe so removed shall at once be reinstated. Nothing in this article shall limit the power of any officer to suspend without pay a subordinate for a period not exceeding thirty days. In the course of any investigation, each member of the commission shall have the power to administer oaths, and the commission shall have the power to require the attendance of any officer or employe or other person, and the production of books and papers relevant to such investigation. The provisions of this section shall not apply to the removal of the chief of police."

It is argued that this section shows that the appellate jurisdiction of the commission does not extend beyond removals for cause and that, as before stated, lay offs do not come under this classification. In answer to this the relator cites article XVI, § 14, of the charter, which reads:

"The commission shall investigate the enforcement of this article and of its rules and the action of the examiners herein provided for, and the conduct and action of the appointees in the classified service, and may inquire as to the nature, tenure and compensation of all offices and places in the public service. In the course of such investigations each commissioner shall

have the power to administer oaths, and the commission shall have the power to require the attendance and testimony of any city officer or employe or other person, and the production of books and papers relevant to such investigation.''

It is argued that this section shows that the jurisdiction of the commission is limited to investigation and inquiry, and gives no appellate jurisdiction over lay offs to the commission nor power to reinstate one laid off or to revise such person's efficiency ratings. Under this ground of objection to the relator's action, it is contended by the respondents that the ratings made by department heads are not subject to review or revision by the civil service commission; that it was not necessary for the chief of police to ask permission to allow him to correct the respective efficiency ratings, and that the rescinding of that permission was ineffectual; that it was all merely a matter of departmental administration. As already indicated, it is unnecessary for the court at this time to pass upon this contention, in view of the conclusion we have reached upon the last ground urged by the respondents in opposition to the relator's action; and that is that the civil service commission has lost all jurisdiction of the matter, even assuming that the contentions of the relator on the first and second grounds discussed are correct.

[1] Under § 12, article XVI, one who is removed must demand investigation within ten days after his removal and, in the absence of such a demand, the removal is complete and, of course, will not be interfered with. *State ex rel. Lennon v. Kellogg,* 119 Wash. 584, 205 Pac. 843; *State ex rel. Davis v. Seattle,* 125 Wash. 660, 216 Pac. 858; *State ex rel. Worsham v. Brown,* 126 Wash. 175, 218 Pac. 9; *State ex rel. Hubbard v. Seattle,* 135 Wash. 505, 238 Pac. 1. It appears conclusively that the relator was laid off on July 11, and not until

September 21 was a demand for investigation made. It is true that § 12, article XVI, refers to removals, but § 14, article XVI, being the only other section under which it could be argued that the commission could have any power to interfere, is silent upon the question of the time the investigation there provided for shall be made. And assuming that this latter section would justify such an action as was taken by the commission in the instant case, it would appear that, if that investigation was not limited by the same time as provided in § 12, article XVI, it should, at least, be limited to a reasonable time; and where an employe has waited over two months after his lay off without demanding an investigation of the cause thereof, he has waited an unreasonable length of time and is foreclosed from having the cause of that lay off reviewed.

For the reason, therefore, that the relator is barred, either by the ten-day period, or by delay for an unreasonable time, the action of the trial court in dismissing the complaint should be and is affirmed.

TOLMAN, C. J., MAIN, MITCHELL, and PARKER, JJ., concur.