[Civ. No. 9356. First Appellate District, Division Two.—March 19, 1934.]

LEE R. JENKINS, Appellant, v. BOARD OF CIVIL SERVICE COMMISSIONERS OF THE CITY OF LOS ANGELES et al., Respondents.

Eugene L. Wolver for Appellant.

Erwin P. Werner, City Attorney, Mark L. Herron, Assistant City Attorney, and Francis H. Lindley, Deputy City Attorney, for Respondents.

SPENCE, J.—This is an appeal by plaintiff from the judgment of the trial court denying his petition for a writ of mandate.

Plaintiff was a civil service employee, classified as a "carpenter foreman", and was employed as such in the Bureau of Power and Light in the Department of Water and Power. In July, 1928, his employment was terminated because of "lack of funds". More than two years thereafter plaintiff commenced this proceeding seeking to compel the defendants to give him employment as a civil service employee and to pay him his salary from the time his employment was terminated.

Plaintiff alleged, among other things, that he was not removed because of lack of funds. This was denied by defendants and they affirmatively alleged that at all times since the date of plaintiff's removal there had been a lack of funds and a lack of work in plaintiff's classification. Upon the issues thus made the trial court found in part as follows: "That in accordance with said charter requirement, the Board of Water and Power Commissioners duly adopted a budget covering the anticipated revenues and expenditures of the Bureau of Power and Light of the Department of Water and Power for the fiscal year July 1, 1928, to June 30, 1929. That the allocation of funds for purposes requiring the services and employment of Carpenters and Carpenter Foremen of the Bureau of Power and Light under the budget adopted by the said Board for said fiscal year was decreased to such an extent that it became and was necessary, on account of lack of funds and a resulting lack of work, to effect a reduction in the number of employees employed in said Bureau. That the funds covered by the budget for the fiscal years July 1, 1929, to June 30, 1930, and July 1, 1930, to June 30, 1931 respectively, were allocated as to require a continued reduction of the number of employees of said Bureau as aforesaid. . . . That with the reduction of the number of employees in said Bureau for said fiscal year, as aforesaid, it became and was necessary on July 22, 1928, to remove or lay off, due to lack of funds and a resulting lack of work, the said petitioner from his position as Carpenter Foreman. That the Board of Civil Service Commissioners of the City of Los Angeles and petitioner were duly notified that the said petitioner was laid off for lack of funds. That at all times since said date there has continued to be a lack of funds of said Bureau and a corresponding lack of work in the classification to which petitioner was and is certified."

412

■ Appellant contends "that the court's judgment cannot be sustained on the grounds appearing in its findings", but we find no merit in this contention. The charter of the City of Los Angeles contained many of the usual civil service provisions. In section 112, subdivision (a), are found the provisions relating to removal, discharge and suspension of employees and that section reads in part: "provided, that the order of any appointing board or officer suspending any person because of lack of funds in such department shall be final, and shall not be subject to review by said Board of Civil Service Commissioners". But even in the absence of such express provision relating to the removal of employees because of lack of funds, we are of the opinion that a civil service employee such as appellant may not complain of his removal upon the ground of lack of funds or lack of work unless it appears that such removal was not made in good·faith. (*Gilbert* v. *Civil Service Commission,* 61 Cal. App. 459 [215 Pac. 97]; *Fitzsimmons* v. *O'Neill,* 214 Ill. 494 [73 N. E. 979]; *Griffin* v. *Williams,* 168 App. Div. 63 [153 N. Y. Supp. 926]; *Gardner* v. *City of Lowell,* 221 Mass. 150 [108 N. E. 937]; *People* v. *Mayor of City of Brooklyn,* 149 N. Y. 215 [43 N. E. 554]; *People* v. *Waring,* 7 App. Div. 204 [40 N. Y. Supp. 275]; *Kenny* v. *Kane,* 27 Misc. 680 [59 N. Y. Supp. 555]; *Vansuch* v. *State,* 112 Ohio St. 688 [148 N. E. 232]; *Colligan* v. *Williams,* 91 Misc. 128 [154 N. Y. Supp. 329]; *State* v. *City of Seattle,* 74 Wash. 199 [133 Pac. 11, 4 A. L. R. 198].)

We do not believe that appellant seriously questions the rule established by the authorities cited, although the first main heading of the .argument in his brief would seem to so indicate. The remaining headings and subheadings of the brief which require consideration merely attack in one manner or another the sufficiency of the evidence to sustain the findings above set forth. They indicate appellant's view that he was not removed in good faith because of lack of funds. We find no merit in any of the points raised.

■ The evidence showed that for about two years prior to his removal appellant had been employed as carpenter foreman at the shop on Slauson Avenue and Long Beach Avenue; that the main work done in said shop was the fabrication of various wooden structures to be used in substations; that the building of said substations was part of an

extension program commenced in 1923 and continued until 1928, at which time all of said work had been practically completed; that because of this fact the funds allocated for the work in which appellant was engaged were greatly reduced for the fiscal year commencing July 1, 1928, and it became necessary to terminate the employment of numerous employees, including appellant; that the carpenter shop over which appellant served as carpenter foreman was closed down at the time that appellant's employment was terminated and was never reopened thereafter. Such evidence clearly indicates that appellant's employment was terminated in good faith and because of lack of work and lack of funds, but appellant lays stress upon the fact that certain carpenter work was subsequently done and that certain carpenters were designated from time to time as "straw bosses" and were paid additional compensation, making their total compensation while serving as such straw bosses equal to that previously paid to the carpenter foreman. It appears, however, that the carpenter work done by the reduced force was mainly repair work and there was evidence to show that the services performed by the straw bosses were not of the same character as the services previously performed by the carpenter foremen. The testimony on this subject showed, among other things, that the duties of the carpenter foremen were solely of a supervisory nature requiring a higher degree of skill than the duties of the straw bosses and that while the carpenter foremen did not work with tools along with the other carpenters, the straw bosses did.

The facts in the present case are not analogous to the facts in *Winslow* v. *Bull*, 97 Cal. App. 516 [275 Pac. 974], which is cited and relied upon by appellant. There the position from which the petitioner was removed and the position to which his successor was immediately appointed were identical in fact as well as in name and the court points out on page 521 of the opinion "that appellant's position was not 'abolished or made unnecessary', nor was the number of positions of that character reduced through lack of work or lack of funds, there being but the one such position and the work thereof being performed by appellant's successor after the attempted discharge". We therefore conclude that there was ample evidence in the present case to sustain the findings above set forth and that appellant

could not compel respondents to continue his employment when there was neither work to justify such continuance nor funds provided therefor.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 17, 1934.